## William H. Barnard and another v. Luman Jennison and another.

*Mortgages: Deeds by way of security : Rents and profits : Agents.* The grantees in possession under a deed absolute in form, but given by way of security merely, do not stand exactly in the same position, in reference to an accounting for the rents and profits, as ordinary mortgagees who have taken possession by way of enforcing their security ; they are agents of the grantors as well as mortgagees, and are chargeable for any failure to obtain full rental value for the premises only on the same grounds as an agent thus put in possession.

*Heard April 29 and 30.     Decided May 6.*

Appeal in Chancery from Kent Circuit.

This is a bill to redeem from a deed given by way of security, and for an accounting as to the amount due. The defendants had been in possession, receiving the rents, and various other dealings and transactions between the parties, claimed to have a bearing upon the accounting, were introduced in evidence. The decree established complain-

ant's right to redeem, and found a balance due from defendants of eight thousand six hundred and fifty-one dollars and ninety-six cents. From this decree the defendants appealed.

*J. W. Champlin* and *G. V. N. Lothrop,* for complainants.

*Miller & Rogers* and *Hughes, O'Brien & Smiley,* for defendants.

COOLEY, J.

We are entirely satisfied with the conclusions of the circuit judge on the main questions involved in this case. The conveyance of the Barnard House property to the defendants, though by deed absolute in form, was unquestionably by way of security merely, and the complainants were entitled to redeem.

But the allowance to complainants for the rent of the premises while held by defendants appears to us on the evidence to be excessive. We do not think defendants were exactly in the position of ordinary mortgagees who take possession by way of enforcing their security; they were agents of complainants, as well as mortgagees, and for any failure to obtain full rental value for the premises, they are only fairly chargeable on the same grounds that an agent thus put in possession could be. They are charged by the decree with nine hundred dollars rent a year for the whole time they have had control, though it is shown the first tenant was to pay four hundred only, and the third five hundred; and nine hundred seems to us rather above, than below, what the evidence tends to show a fair rent to have been from year to year for the whole period, without taking into account any contingencies in loss of time in renting, or failure in collections, which, in case of such property as a second-class hotel, would be likely to be important. We have no idea from the evidence that defendants have received any such sum; and though in consequence of their failure

to keep accounts and to make a full exhibit, all presumptions may reasonably be against them, yet if we charge them four hundred and fifty dollars for the first three years, and seven hundred and fifty afterwards, we think complainants will be well compensated for the use of their premises. Making a computation on this basis, the amount due complainants at the date of the commissioner's report would be five thousand two hundred and sixty-seven dollars and ninety-seven cents. The decree for payment by the defendants should be reduced to this sum, and in all other respects be affirmed. Neither party will recover costs on the appeal, and the case will be remitted for further directions, should they be needful.

The other Justices concurred.