### PHILO J. CURTISS AND MARY MOSHER v. JAMES W. SHELDON ET AL.

*Chancery practice—Decree for redemption with accounting—Supplementary agreement—Quitclaim deed as mortgage.*

Where, on a bill to redeem, redemption is allowed and the case referred for an accounting with leave to take farther testimony, the decree may be affirmed without a full examination of the transactions involved, until a later stage of the case, if it is clearly apparent from the record that complainant was entitled to the particular relief asked for.

The form of a contract cannot prevent an examination of the whole transaction on a bill in equity, if it was entered into in continuation of an earlier agreement.

A quitclaim deed cannot be considered as a final surrender of all the grantor's interest, where the intention was in fact to secure the grantee for a debt due him from the grantor, and enable him to dispose of the property the more readily for the satisfaction of the debt.

Appeal from Jackson. Submitted Oct. 14. Decided January 5.

BILL to redeem. The bill claims that in 1863 Martin Mosher bargained with James Sheldon for the purchase of part of the premises, and his son David Mosher bargained with other persons for the remainder; that in 1865 Mosher and Sheldon had a settlement showing that $900 remained unpaid on the first lot; that in 1866 David Mosher and Sheldon died intestate, Mosher's interest descending to his father, and Sheldon's to his widow and children; that in 1867 defendant James W. Sheldon was made administrator of his father's estate and soon after bought in the interest still remaining in the vendor of the second lot, and having also purchased the interest of his co-heirs became subrogated to the rights and liabilities of the vendors in both contracts; that in 1867, 1868 and 1870 he obtained new contracts from the Moshers; that he lent money to Mosher in 1870 and 1871 to be expended in putting up and furnishing a hotel building on the premises; that he took a chattel mortgage on the furniture in 1870, and that in 1872 he obtained from them a bill of sale of the furniture and a quitclaim deed of the premises of which he took exclusive possession, converting to his own use the rents, refusing to account to or settle with Mosher, and claiming that the quitclaim was an absolute sale. Complainant Curtiss is an assignee of Mosher's interest, and he and Mrs. Mosher claim that the quitclaim deed was given to Sheldon merely as security, and seek to redeem. The court below allowed redemption and referred the case to a special commissioner to state an account and permitted him to take further proofs. Defendants appeal. Affirmed.

*Judson C. Lowell* and *Geo. C. Worth* for complainants.

*Gibson, Parkinson & Ashley* for defendants.

MARSTON, J. As this case comes up upon the appeal of the defendants from the decree of the court below allowing complainants to redeem, and referring the case to a special commissioner to take and state an account between the parties and permitting farther proofs to be taken by said

commissioner relating thereto, and as this court is of opinion that complainants are entitled to redeem, it is better, we think, that a full and extended discussion of the. merits of the controversy should not be indulged in at present.

The circumstances of this case are somewhat peculiar, and the dealings and transactions between the parties have been of such a character that a careful examination thereof, from the time of the decease of James Sheldon, and of the various settlements so called made with James W. Sheldon, will be necessary in order that complete justice may be done. The way in which such settlements were made, and new contracts entered into, were but a continuation of the original agreement, and the form thereof cannot prevent an examination of the entire transaction in all its parts. To permit them to have any other effect, might be but to sanction gross frauds, which a court of equity would be very reluctant in doing. Nor can the quitclaim deed from Martin Mosher and wife to defendant James W. Sheldon be considered as a final settlement and surrender of all the grantor's interest in the premises. Martin Mosher was undoubtedly indebted to James W. Sheldon at the time and the latter had security, in part at least, upon these premises therefor. The evidence is clear and satisfactory to us that at the time this conveyance was made, it was to enable the grantee the more readily to dispose of the property, and that the grantors were to have the proceeds, less the amount of their indebtedness, and there certainly is testimony tending to show that it was then supposed they would receive a large amount, estimated at $4000 to $5000. Besides the direct evidence bearing upon this matter the surrounding circumstances strongly corroborate and lead to the same conclusion.

Without any farther discussion of the merits at the present stage of the case the decree will be affirmed with costs.

The other Justices concurred.