PHILO J. CURTISS ET AL. v. JAMES W. SHELDON.

[See 47 Mich. 262.]

*Accounting—Rate of interest—Mortgagee in possession.*

1. Courts possess no power, legal or equitable, to change contracts as to the rate of interest, fixed by the parties within the statutory limit, no fraud or misrepresentation being charged.

2. On an accounting, the defendant was charged with the rents actually received for the use of hotel property before and after the year 1875, and on an appeal it was insisted that he might have realized a greater rent if he had permitted the lessee to keep a bar for the sale of liquor. And it is held that prior to 1875 the sale of liquors was unlawful, and the defendant could not be held for such refusal; and that, while since 1875

such sale has been lawful under very stringent regulations, and buildings could be rented for saloon purposes in many localities at higher rents than for other kinds of business, it does not follow that the law imposed a duty upon the defendant to lease the property for that purpose, and the action of the lower court is affirmed.

Appeal from Jackson. (Peck, J.) Argued April 5, 1892. Decided April 22, 1892.

Bill to redeem. Complainants appeal from a decree fixing the amount due to the defendant on an accounting. Affirmed. The facts are stated in the opinion.

*Charles B. Wood* (*Austin Blair,* of counsel), for complainants, contended:

1. Defendant is a mortgagee, merely, as declared by the decree affirmed in *Curtiss v. Sheldon,* 47 Mich. 262.

2. A mortgagee in possession is accountable for rents and profits, which include at least what he might have received by the exercise of reasonable care and diligence; citing 2 Washb. Real Prop. (5th ed.) 233, 234, and cases cited in notes; 4 Kent, Com. 166; *Miller v. Lincoln,* 6 Gray, 556; *Richardson v. Wallis,* 5 Allen, 78; *King v. Insurance Co.,* 7 Cush. 7-9.

3. Being a mortgagee in possession, defendant was bound to keep full and honest accounts, which he has not done, and he should be charged with the rental of the premises; citing *Hack v. Norris,* 46 Mich. 587; and he has no right to charge for insurance premiums; citing *King v. Insurance Co.,* 7 Cush. 14, and note; and he may be charged with the rents and profits he might have received, if the failure to receive them was by his wilful default; citing *Hubbell v. Moulson,* 53 N. Y. 229; *Vandevoort v. Gould,* 36 Id. 646; *New Orleans v. Gaines,* 15 Wall. 624; 2 Washb. Real Prop. (5th ed.) c. 16 § 9, subd. 3, 4.

*Parkinson & Day* (*Cahill & Ostrander,* of counsel), for defendant, contended:

1. The original decree fixes the rate of interest, and the question is *res judicata,* and the same rule applies to the insurance premiums; citing Herm. Estop. §§ 99, 109, 115, 402; and the contract rate of interest must govern, and. it could not have been decreed otherwise; citing 2 Jones, Mortg. § 1141.

GRANT, J. Complainants filed a bill to redeem. Decree was entered for them, and defendant appealed to this Court, which affirmed the decree below. *Curtiss v. Sheldon*, 47 Mich. 262. The case was remanded for an accounting, and complainants now appeal from the decree fixing the amount due to the defendant. The accounting was in exact accord with the first decree, which was affirmed by this Court. Complainants now attack this decree on two grounds, viz.:

1. Because it allows the defendant 10 per cent. on his loans to them.

2. Because it holds defendant accountable for the rents actually received, instead of the rents which they insist defendant might have received.

1. The rate of interest was fixed by the parties, and 10 per cent. was at that time a legal and very common rate of interest. Courts possess no power, legal or equitable, to change the terms of contracts. No claim is made that there was any misrepresentation or fraud in fixing the rate of interest.

2. The property was occupied as an hotel, and it is insisted that the defendant might have realized a greater rent if he had permitted the lessee to keep a bar for the sale of liquors. Prior to 1875 the sale of liquors in this State was unlawful, and defendant clearly could not be held for refusing to permit the property to be used for an unlawful purpose. Since 1875 the sale of liquor has been lawful under very stringent regulations. Undoubtedly buildings can be rented for saloon purposes in many localities at higher rents than for other kinds of business. *Non sequitur* that the law imposed a duty upon Mr. Sheldon to lease the property for that purpose.

3. The decree in this case limits the amount due from complainants to the sums actually advanced, and to the

cost of the improvements, taxes, and insurance. From this amount is deducted the amounts actually received by Mr. Sheldon for rents. After the execution of the deed to him, he believed that he owned the property. It was clearly to his advantage to realize all he could from the use of the property. The record shows, in my judgment, that he acted in good faith in renting the property, and exercised ordinary care and prudence in that regard. It is immaterial whether he was a mortgagee, trustee, or agent of the complainants. He was in possession by their consent, under a deed from them. At the time this deed was executed, complainants and Mr. Sheldon made a written agreement, by which he agreed to use reasonable diligence to sell the property within one year at a price that should be concurred in by both parties, pay himself the sums mentioned in the agreement, with interest at 10 per cent. per annum, and pay the surplus to complainants. This agreement was at the time deposited with a third party, and appears to have been forgotten until the accounting before the commissioner, when it was produced by the party with whom it had been left. It is material to mention it here only to show the relations of the parties, and the conditions under which Mr. Sheldon accepted the deed. Mr. Curtiss, who is the assignee of Martin Mosher, by his own evidence relieves Mr. Sheldon from any charge of fraud or wilful neglect. When questioned as to the reason why Mr. Sheldon could not get as much for the premises as he (the witness) could get, he replied, "Because he did not know how to do it." He also testified that he had not informed him that any person would give a larger rent.

It is unnecessary to discuss the question of fraud charged by the complainants against Mr. Sheldon, claiming that, in the settlements at and prior to 1872, he represented the amounts due from complainants to be

larger than they actually were. By the former decree, these settlements were set aside, and the complainants allowed to redeem upon the basis of the original amounts.

The decree is affirmed. Defendant will recover costs in this Court, and complainants will recover the costs in the court below.

The other Justices concurred.