### BRILL *v.* CHERWIN.

1. APPEAL AND ERROR—SUPREME· COURT—QUESTIONS REVIEWABLE.
   The Supreme Court does not consider matters not yet presented
   to trial court in dissolution proceedings of a night club.

2. MORTGAGES—POSSESSION BY MORTGAGEE—RENTS.
   A mortgagee in possession is accountable for rental value of the
   property while in possession, subject to general rules with re-
   spect to negligence and fault.

3. EQUITY—INTEREST—RENT—LIQUOR ESTABLISHMENT.
   Intervenors who occupy a position akin to that of a mortgagee
   in possession pending or prior to foreclosure were not en-
   titled to interest on balance due forfeited executory con-
   · tract for period after which receiver of partnership purchaser
   had surrendered possession of liquor establishment pursuant
   to such intervenors' forfeiture proceedings, where it appears
   the rental value of the premises substantially exceeded the
   annual interest loss.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 12, 1956. (Docket No. 58, Calendar No. 46,863.) Decided September 4, 1956.

Bill by Annabel M. Brill and Robert Brawn against Nick Cherwin for dissolution of partnership doing business as Villa Bee Nite Club. Glenn W. Vannoy and Genevieve Vannoy, former owners who had sold to partnership, intervened to enforce provisions of chattel mortgage and to secure liquor license in

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 820.
[2] 36 Am Jur, Mortgages § 301.
[3] 36 Am Jur, Mortgages § 308.

their names. William J. Short and Marie J. Short, former original owners who had foreclosed conditional sales contract, intervened to secure liquor license in their names. Decree entered authorizing receiver's sale, reinstating contract of intervening defendants Short upon payment of specific sum, and directing payment of certain sums to intervening defendants Vannoy. Intervening defendants Short appeal. Intervening defendants Vannoy file conditional claim of appeal. Affirmed.

*Harold R. Smith,* for intervening defendants Short.

*Cleary, Weins & Jackson,* for intervening defendants Vannoy.

BLACK, J. The lead paragraph of appellants' statement of facts, set forth in their brief, reads as follows:

"The parties to this record have referred to one another by names which facilitated understanding the complicated facts, and this practice will be followed: The appellants, William J. Short and Marie J. Short, his wife, who intervened in the court below, will be called 'Shorts.' The appellees, Glenn W. Vannoy and Genevieve Vannoy, his wife, who also intervened in the court below, will be called 'Vannoys.' The plaintiffs and appellees, Annabel M. Brill and Robert Brawn, and the defendant and appellee, Nick Cherwin, who were partners under the name 'Villa Bee Nite Club,' will be collectively referred to as 'partners.' Annabel M. Brill who was appointed and is acting as receiver of the partnership in the court below will, in that capacity, be called 'receiver.' John F. Ludwig, who purchased the Villa Bee from the receiver under the decree of the court below will be referred to by his own proper name."

Counsel's characterization of the facts as "complicated" is understatement worthy of a Churchill. Our initial task is that of a thresher's crew, and the successive briefs of counsel lend no great hand at the separator. Once the essential facts are sacked, however, no great difficulty remains.

The 3 named partners embarked on successive proceedings in chancery, first in Jackson county and then in Wayne county, aimed at dissolution and winding up of "Villa Bee Nite Club." The Jackson county chancery proceeding, instituted October 15, 1954, was discontinued March 8, 1955. The Wayne county chancery proceeding was instituted April 28, 1955, and remains yet pending. In the meantime, and on February 10, 1955, the Shorts instituted summary proceedings before a Jackson county circuit court commissioner for recovery of possession of the presently-mentioned realty. The latter proceeding resulted in statutory judgment of restitution in favor of the Shorts, entered March 14, 1955. The controversy before us arises under and in pursuance of petitions for intervention, filed respectively by the Shorts and the Vannoys in the Wayne county chancery proceeding.

We turn upon foregoing outline of litigation to consideration of that which usually attends selection of a vain if not void legal remedy, and find that the involved subject matter is the real property situated in Jackson county, known as the "Villa Bee Nite Club," together with the liquor licenses by which Barleycorn's ancient business was conducted thereon prior to institution of the aforesaid litigation. The property and licenses were originally owned and held by the Shorts. In 1952 the Shorts leased the property to the Vannoys. The licenses were then duly transferred to the Vannoys and they proceeded to carry on the club business. In 1954 the Shorts agreed to sell and transfer to the Vannoys, and the

Vannoys agreed to acquire from the Shorts, the mentioned real property together with certain personal property pertaining to the club business.[1] An instrument which as to form is an executory land contract was utilized. It contains a covenant that, if default in executory payments be made by the Vannoys, the liquor licenses would be transferred back to the Shorts.[2] In addition such instrument provided, in event of default by the Vannoys, that the Shorts would have the usual remedies of forfeiture or foreclosure and recovery of possession of such real property.

June 23, 1954—the date of aforesaid executory instrument—a previous agreement between the Vannoys and the partners was duly consummated. By such agreement the partners agreed to purchase all rights and interests of the Vannoys in the business, including the liquor licenses. Later, and on March 2, 1955, the Vannoys assigned to the partners their rights under the aforesaid form of executory contract.[3]

The Vannoys at the time of such assignment were in default with respect to payments owing the Shorts. The Shorts, on strength of aforesaid summary proceedings, took possession of the club property June 19, 1955. In the meantime, the partnership business was again placed in receivership, by order entered May 5, 1955 in the Wayne county chancery proceeding. This brings us to a rather unusual pleading, filed August 1, 1955, by the Shorts in the

---

[1] This miscellaneous personal property was transferred at the time, by the Shorts to the Vannoys outright, by bill of sale. Such miscellaneous personal property is not involved in the present appeal.

[2] This covenant, for retransfer of such liquor licenses in event of default, is a substantial duplicate of the one held specifically enforceable in *MacNichol* v. *Grant*, 337 Mich 309.

[3] It is claimed by the Shorts that this assignment was made in violation of the "no assignment" clause of the mentioned executory instrument. However, the point is unimportant considering presently indicated disposition.

last-mentioned chancery proceeding, entitled "Petition of William J. and Marie J. Short for Intervention." Such pleading exposes the dilemma in which the Shorts found themselves when they took possession (without liquor licenses) of the club property under the circuit court commissioner's judgment. We quote such pleading in full, exclusive of salutation and prayer, as follows:

"1. The petitioners, who are husband and wife, are residents of the city of Jackson, and prior to June 19, 1952, were the owners and operators of the Club Villa Bee, including land, building, fixtures, personal property, Class C License No 547 and SDM License No 12969.

"2. The petitioners leased the Club Villa Bee to Glenn W. and Genevieve Vannoy on June 19, 1952, for a term of 5 years upon the terms and conditions of a lease, a copy of which is attached hereto, marked exhibit A.

"3. The petitioners, on June 23, 1954, sold the Club Villa Bee to Glenn W. and Genevieve Vannoy, who exercised the option to purchase in said lease, executing the land contract, a copy of which is attached hereto, and marked exhibit B.

"4. The petitioners, Glenn W. and Genevieve Vannoy on January 21, 1954, entered into an agreement for the sale of the Club Villa Bee to Nick Cherwin, Robert Brawn, and Annabel M. Brill, a copy of said agreement being attached hereto and marked exhibit C.

"5. The petitioners, Glenn W. Vannoy and Genevieve Vannoy defaulted in making the payments of principle [principal?] and interest and in paying the insurance premiums required by said land contract, exhibit B.

"6. The petitioners, William J. and Marie J. Short, notified said Glenn W. and Genevieve Vannoy of said defaults on January 28, 1955, and notified said Glenn W. and Genevieve Vannoy of the forfeitures of their rights under said contract on February 7, 1955.

"7. The petitioners thereafter commenced proceedings for restitution of the Club Villa Bee before a circuit court commissioner, pursuant to the judgment in said summary proceedings, recovered possession of said property with the consent and acquiescence of the petitioners Glenn W. and Genevieve Vannoy, the plaintiffs, Annabel M. Brill and Robert Brawn, and the defendant Nick Cherwin and have continuously, since that time, continued in undisputed possession of the Club Villa Bee.

"8. The petitioners caused said license to be transferred to Glenn W. and Genevieve Vannoy at the time of entering into said lease, exhibit A.

"9. The petitioners are informed and believe that Glenn W. and Genevieve Vannoy caused said licenses to be transferred to Annabel M. Brill, Robert Brawn and Nick Cherwin at the time of entering into said agreement, exhibit C.

"10. The petitioners are informed and believe that at some time subsequently thereto, said licenses were transferred to and are presently held in the name of Annabel M. Brill as receiver, appointed by this honorable court in these proceedings.

"11. The plaintiffs are informed and believe that the right, title and interest of each of the parties to this cause in said licenses, including the right, title of said receiver, have always been and presently are subordinate to the right, title and interest of the petitioners as original owners of said licenses.

"12. The petitioners are informed and believe that the right, title and interest in said licenses which may have been acquired by Glenn W. and Genevieve Vannoy were subject to the terms and conditions of said lease, exhibit A and said land contract exhibit B, and that upon the forfeiture of said land contract, said licenses again became and now are in equity the property of the petitioners.

"13. The petitioners are informed and believe that the right, title and interest acquired by Nick Cherwin, Robert Brawn and Annabel M. Brill under said agreement, exhibit C, were likewise subject to the

terms and conditions of said lease, exhibit A, and said land contract, exhibit B, and that upon the forfeiture of the rights of said Glenn W. and Genevieve Vannoy under said contract, exhibit B, the petitioners became and were in justice and equity restored to their original ownership of said licenses.

"14. The petitioners file this intervention petition in recognition of the propriety of these proceedings and the power of this honorable court to appoint the receiver with respect to property in the possession of the plaintiffs and defendants at the time of the commencement of this cause including said licenses and the personal property listed in the inventory attached to said lease, exhibit A. The petitioners are informed and believe, however, that the jurisdiction of this honorable court and the rights of its receivers do not extend to the land and building in which the Club Villa Bee was formerly operated, said property having been in the exclusive possession of the petitioners continuously following the forfeiture of said land contract, long prior to the commencement of these proceedings.

"15. The petitioners are informed and believe that, by coming into equity, they are under obligation to do equity. In fulfillment of that obligation, *they offer to set aside the forfeiture of said land contract** and to convey, transfer and assign said land, building, fixture, personal property and licenses to the parties adjudged by this honorable court entitled thereto upon their being paid the balance of the purchase price therefor with interest thereon and upon their being reimbursed in the reasonable amount of their expenditures incurred in the protection of said property and the enforcement of their rights under said contract. The petitioners are informed and believe that in default of the payment of said amounts within a reasonable time to be determined by this honorable court, they should be adjudged the absolute owners of the Club Villa Bee, including said licenses, freed from the claims of the parties to this cause."

---

* These italics appear in the record. Emphasis is not by the Court.

The petition for intervention came to due hearing before the Honorable Thomas J. Murphy, chancellor presiding, and resulted in apparent agreement of the parties on a decree authorizing the receiver to sell the club property and the licenses, for a determined sum to be distributed among the presently interested parties. Counsel for the Shorts thereupon prepared a decree in furtherance thereof and noticed it for settlement. On the adjourned date of hearing, the chancellor entered a decree providing for sale of the involved subject matter. Such decree was not, however, in accord with the form submitted by counsel for the Shorts. The latter thereupon applied for a rehearing. Such application was denied by order entered April 20, 1956. The Shorts thereupon appealed to this Court, both from the decree itself and from the order denying rehearing. They claim, and we refer to the application for rehearing:

1. Upon consummation of sale as ordered under the chancellor's decree, that the receiver intends "to apply to the court for an allowance of fees and expenses of the receivership to be secured by lien upon moneys to be paid to intervenors and their interest under the contract."

2. That the decree "is a departure from the decision of the court at conclusion of the trial in that it eliminates from the indebtedness owing to intervenors interest which accrued subsequently to June 19, 1955, the approximate date on which possession of the property was surrendered to the intervenors by the receiver."

*First:* We decline to consider that which has not as yet been passed upon by the chancellor. Aside from the expressed fears of appellants Short as set forth in their application for rehearing, the record hints at no intention on the part of the chancellor to subject their decreed allotment, from sale-proceeds

as ordered, to receivership expenses. The decree secures to them, if sale be made as ordered, all sums due and to become due by the mentioned executory instrument save only the disputed item of interest accruing from and after June 19, 1955. We shall now turn to that question.

*Second:* The chancellor's decree determines:

"It further appearing to the court that the said William J. and Marie J. Short, his wife, had a principal balance of $26,400.84 due them on said land contract as of November 19, 1954 and that said land contract bore interest at the rate of 6% per annum and that the interest on said principal sum from November 19, 1954 to June 19, 1955, which was the approximate date that the said intervenors, William J. and Marie J. Short, his wife, took possession of said property, would amount to the sum of $924; that the said William J. and Marie J. Short, his wife, paid $123.68 for taxes, $673.24 for insurance and $22.03 for repairs, making a total of $28,183.39 without interest from and after June 19, 1955, plus $220."

We agree, considering their ill-spent forfeiture proceeding and assumption of useless possession in lieu of original appeal to equity, that the Shorts should be denied accrual of interest as claimed. Their position, from and after June 19, 1955, is akin to that of a mortgagee in possession pending or prior to foreclosure. Occupying that position, they are accountable for rental value of the property while it be in their possession, subject to general rules with respect to negligence and fault.*

Loss of income from the club property, after June 19, 1955, is on this record due to intervention-confessed fault of the Shorts. Instead of pursuing in-

---

* For rules determinative of accountability of a mortgagee in possession, for rental value of the mortgaged premises, see 36 Am Jur, Mortgages, § 305, pp 842, 843; *Barnard* v. *Jennison,* 27 Mich 230; and *Curtiss* v. *Sheldon,* 91 Mich 390.

dicated remedy in equity—for foreclosure as to land and specific enforcement of covenant as to licenses with court through receiver left in charge of possession and business—they instituted a proceeding which, if not void (compare *Pettiford* v. *Weisenthal, ante,* 339), brought possession of business realty to them without the licensed means of doing business thereon. They soon found themselves in need of equity's aid. They made no demand for retransfer of the licenses at any time and proceeded to enter the pending receivership proceeding by a pleading which literally cast their claimed right to interest on the mercy of the court.

We are inclined to view that the chancellor was, if anything, more generous than is deserving to the Shorts, and arrive at such conclusion by comparison of annual rental value of the premises (operated with licenses as a going concern) with annual interest loss to the Shorts. Such rental value is shown by previous lease as having been $3,000 per annum. The corresponding annual interest loss the Shorts will suffer, until confirmation of the sale they have delayed by present appeal, is approximately $1,800.

What we have said will in no manner affect the chancellor's right to confirm or refuse confirmation of the pending sale to Mr. Ludwig. For aught we know new facts may in his judgment call for a new order of sale and interim operation of the club business. We hold only that he was fully empowered to deny interest accruals to the Shorts as now provided in the decree, and that his decree on present record fully accords with principles of equity.

Affirmed, with costs to appellees Vannoy.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, BOYLES, and KELLY, JJ., concurred with BLACK, J.

CARR, J., concurred in the result.