FERNDALE EDUCATION ASSOCIATION v SCHOOL DISTRICT
FOR THE CITY OF FERNDALE #1

1. ARBITRATION AND AWARD—LABOR RELATIONS—JUDICIAL REVIEW—
   AUTHORITY OF ARBITRATOR—RECOGNIZED EXCEPTIONS.

   The merits of a grievance or an arbitration award are irrelevant
   when a court is asked to enforce an arbitration agreement or
   award thereunder, judicial review is limited to whether the
   award was within the authority conferred upon the arbitrator
   by the collective bargaining agreement, and once substantive
   arbitrability is determined, and no situation is presented which
   comes within the recognized exceptions to the rule of judicial
   deference to the decision of the arbitrator, judicial review
   effectively ceases.

2. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—TEACHERS' TENURE—
   SCHOOL BOARDS.

   Tenured status of a teacher is granted by statute, not by a school
   board; it is only when the board acts to withhold tenure that it
   has control over the acquisition of tenure (MCLA 38.83; MSA
   15.1983).

3. ARBITRATION AND AWARD—SCHOOLS AND SCHOOL DISTRICTS—ARBI-
   TRATORS—REINSTATEMENTS—IMPROPER DISMISSAL.

   An arbitrator may order a teacher reinstated because of improper
   dismissal even where the reinstatement results in her acquir-
   ing tenured status by statute.

Appeal from Oakland, William P. Hampton, J.
Submitted December 9, 1975, at Lansing. (Docket
No. 22055.) Decided March 8, 1976.

Complaint by the Ferndale Education Associa-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award § 145.
[2] 68 Am Jur 2d, Schools §§ 143, 149 et seq.
   Teachers' tenure statutes. 110 ALR 791, s. 113 ALR 1495; 127 ALR
   1298.
[3] 68 Am Jur 2d, Schools §§ 185, 186.

tion and Lynn Schuneman against the School District for the City of Ferndale seeking a writ of mandamus compelling the school district to honor an arbitrator's award. Judgment for defendant. Plaintiffs appeal. Reversed.

*Levin, Levin, Garvett & Dill* (by *Harvey I. Wax),* for plaintiffs.

*Burton R. Shifman, P. C.* (by *Burton R. Shifman* and *Philip J. Goodman),* for defendant.

Before: McGregor, P. J., and T. M. Burns and N. J. Kaufman, JJ.

T. M. Burns, J. Plaintiffs Ferndale Education Association (hereinafter FEA) and Lynn Schuneman sought a writ of mandamus compelling the defendant school district (hereinafter the Board) to honor an arbitrator's award. The trial court denied the writ. Plaintiffs appeal as of right.

The FEA is the exclusive bargaining agent for the teachers in the Ferndale School District. The Board operates and manages the public schools in the Ferndale School District. Lynn Schuneman was a probationary teacher hired by the Board for the 1970–71, 1971–72 and 1972–73 school years. After her second year, she was not tenured but placed on another year's probation as authorized by MCLA 38.82; MSA 15.1982. At the end of that additional year, she could only have been tenured or dismissed.

During her third year of teaching, Schuneman received evaluations regarding her classroom performance; these evaluations generally stated that she needed improvement in maintaining classroom discipline. She was formally evaluated on November 20, 1972, and March 13, 1973, receiving writ-

ten notice and an opportunity to respond. She was informally evaluated in February and March of 1973, by her principal and assistant principal. Her inability to control her class was discussed and attempts were made to assist her in improving. Later concluding that the problem had not been corrected, the principal recommended to the Board that Schuneman not be rehired for the upcoming school year.

The contract entered into between the FEA and the Board provided for notification of teachers if they were not to be rehired. This was provided for in article XIII, § 90 of the agreement as follows:

"At least sixty (60) days before the close of each school year, the Board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory: provided that failure to submit a written statement shall be conclusive evidence that the teacher's work is satisfactory, and: provided further that any probationary teacher or teacher not on continuing tenure shall be employed for the ensuing year unless notified at least sixty (60) days before the close of the school year that his services will be discontinued. A probationary teacher not recommended for employment for the following school year will be given his performance evaluation not later than twenty (20) calendar days prior to final action by the Board. If termination is necessitated by reason of school finances or reduced enrollment, the teacher shall be notified by the end of the school year."

The first sentence of the above provision is identical to MCLA 38.83; MSA 15.1983. The remainder of the provision is not a part of that statute. The contract also established a grievance procedure.

The Board met on March 19, 1973, and voted not to renew Schuneman's contract. This consti-

tuted "final action" of the Board for the purpose of § 90 of the contract. Schuneman received notice of the Board's action on April 2, 1973, in the form of the following letter:

"Dear Miss Schuneman:

"As you already know from your copy of the summary statement of March 13, 1973, Mr. Edward P. Harkins, your principal, states as follows:

" 'Her lack of awareness of her poor classroom control. Due to her inability to show improvement in the area of classroom control and management, it is felt that she is not suited for high school teaching. That she not be recommended to be placed on tenure in the Ferndale School District.'

"This statement and previous summary statements have been reviewed informally by the Board. The Board members are in agreement that the summary statement quoted above carries out that part of the Tenure Law* which states: 'At least sixty days before the close of each school year the controlling board shall provide the probation teacher with a definite written statement as to whether or not his work has been satisfactory * * * '.

"*Article II, § 3 of Act 4 of Public Acts of 1937 (Extra Session), as amended, the Tenure of Teachers Act, so-called.

"It is our regret that a contract will not be offered to you for the coming school year, 1973–1974."

On June 19, 1973, Miss Schuneman and the FEA filed a grievance with the Board. The Board contended that this was not a grievance because the teacher was not disciplined; rather, she was merely informed that she would not be rehired. Nevertheless, grievance procedures were followed and an impasse reached. The dispute was then submitted to binding arbitration, the parties mutually agreeing upon the arbitrator selected. The

arbitrator issued his conclusion on January 23, 1974.

The arbitrator decided that the dispute was arbitrable under the contract, that the grievance was timely filed, and that the issue of the Board's compliance with § 90 of the contract was timely raised. On the merits of the grievance, the arbitrator found that the contract incorporated by reference the Michigan teachers tenure act and that Schuneman was denied her due process rights. He found that the Board abdicated its decision-making responsibility by merely ratifying what was earlier decided in executive session. This ministerial affirmance precluded the grievant from knowing the exact charges and detailed reasons for her dismissal. The arbitrator concluded that such itemization was required.

More importantly, the arbitrator found that the Board did not properly notify Miss Schuneman of their decision. This conclusion was based upon the arbitrator's interpretation of § 90 of the contract as requiring that a formal evaluation be made within 20 days of the final action of the Board, and that there was no evidence that the Board's decision was based upon the actual latest evaluation. Having failed to follow the contract procedure, the arbitrator concluded, the Board did not properly notify Miss Schuneman. Her rights under the contract were thus violated, and the Board was ordered to reinstate Schuneman with back pay. The result of the reinstatement was that Schuneman became a tenured teacher.

The Board refused to follow this award and voted not to reinstate the teacher. Thereafter, the FEA sought mandamus in the court below for enforcement of the award.

The lower court concluded that the dispute be-

tween the parties was arbitrable. However, the judge concluded that the arbitrator erred as a matter of law in his determination that the Board did not comply with § 90 of the contract. The court held that the notice was sufficient and that the Board properly acted at its March 13, 1972, meeting. The trial court further concluded that the Board was not required to comply with the 20-day notice provision of § 90, and that even if it were, proper notice under it was given. Based on its findings, the trial court refused to grant the writ of mandamus.

The FEA appeals to this Court. We reverse the decision of the trial court and order that the Board carry out the award of the arbitrator.

*Did the trial court abuse its discretion by refusing to enforce an arbitration award which involved an arbitrable dispute of whether the school board had properly complied with notice provisions of the collective bargaining agreement?*

Questions concerning the scope of judicial review of arbitrability and the awards made by arbitrators in labor disputes have been almost a plague on both state and Federal courts for years, but the eminently proper attitude that we have taken is one of "hands off". The party that ends up holding the short end of an arbitrator's award may try desperately to fit the facts within the narrow doorway to the courts, but the judicial policy is clear. In the *Steelworkers* trilogy,[1] the United States Supreme Court held that the merits of either the grievance or the arbitration award are *irrelevant* when a Federal court is asked to en-

---

[1] *United Steelworkers of America v American Mfg Co*, 363 US 564; 80 S Ct 1343; 4 L Ed 2d 1403 (1960), *United Steelworkers of America v Warrier & Gulf Nav Co*, 363 US 574; 80 S Ct 1347; 4 L Ed 2d 1409 (1960), *United Steelworkers of America v Enterprise Wheel & Car Corp*, 363 US 593; 80 S Ct 1358; 4 L Ed 2d 1424 (1960).

force an arbitration agreement or award thereunder. Judicial review is limited to whether the award "draws its essence" from the contract, whether the award was within the authority conferred upon the arbitrator by the collective bargaining agreement. Once substantive arbitrability is determined (as it was in the court below) judicial review effectively ceases. The fact that an arbitrator's interpretation of a contract is wrong is irrelevant.

This position of limited review has been adopted by the Michigan Supreme Court. *Frazier v Ford Motor Co,* 364 Mich 648; 112 NW2d 80 (1961), *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers Ass'n,* 393 Mich 583; 227 NW2d 500 (1975). This Court follows the same policy. *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975).

Naturally, there are certain exceptions to the rule of judicial deference to the decisions of the arbitrator once arbitrability has been established. See *Frazier v Ford Motor Company, supra,* Judge SOURIS dissenting. None of these situations exist in this case.

In the instant case, the parties agreed to submit "arbitrable disputes" to binding arbitration. This was part of their contract. Both the arbitrator and the lower court found the grievance to be an arbitrable dispute. The lower court went beyond this, though, and concluded that the arbitrator made errors of law and fact in interpreting § 90 of the contract. This question was not before the trial court. The judge's function was to determine whether the arbitrator's conclusions were within the framework of the contract. The arbitrator's decision clearly indicated that he was interpreting the provisions agreed to by the parties. Whether

we or the trial judge agree with the arbitrator's interpretation doesn't matter.

We hold that the trial court abused its discretion in substituting its interpretation of the contract for the arbitrator's. We find no evidence that the arbitrator's award went beyond the scope of the contract.

*Did the arbitrator exceed his authority in awarding reinstatement to the teacher which resulted in her acquiring tenured status?*

Tenured status of a teacher is granted by statute, not the Board. It is only when the Board properly acts to *withhold* tenure that it has control over the acquisition of tenure.[2] The Board and the FEA, in effect, could not agree on whether the Board properly withheld tenure. Only proper notification of dismissal by the Board will prevent a teacher from acquiring tenure. The notification requirements were set out by the parties in their contract. The parties agreed to abide by the arbitrator's determination of what that contract said. The arbitrator decided that, based on the contract, the Board did not give proper notice. Because proper notice was not given, Miss Schuneman was ordered reinstated. Once reinstated Miss Schuneman *by statute* became tenured. We find nothing to prevent an arbitrator from ordering a teacher reinstated because of improper dismissal.

The judgment of the trial court is reversed, a writ of mandamus is awarded to plaintiff, and it is hereby ordered that defendant School District for the City of Ferndale forthwith comply with and give effect to the award of the arbitrator.

---

[2] MCLA 38.83; MSA 15.1983. *See Munro v Elk Rapids Schools,* 385 Mich 618; 189 NW2d 224 (1971), *Wilson v Flint Board of Education,* 361 Mich 691; 106 NW2d 136 (1960), *Weckerly v Mona Shores Board of Education,* 388 Mich 731; 202 NW2d 777 (1972).