THE FELTERS COMPANY v LOCAL 318, AMALGAMATED
CLOTHING & TEXTILE WORKERS UNION, AFL-CIO

Docket No. 51993. Submitted on May 5, 1981, at Lansing.—Decided
June 23, 1981. Leave to appeal applied for.

Frances Wetmore was an employee of The Felters Company when
she fractured her finger while working. Because the fracture
did not heal, she was given six weeks of leave commencing July
7, 1979, during which she had the tip of her finger amputated.
When Wetmore did not return to work on August 25, 1979, she
was discharged by Felters. She filed a grievance alleging that
she was unable to return because she was recovering from
surgery. The grievance proceeded to arbitration. The arbitrator
found that Wetmore had been improperly discharged. Felters
commenced an action in Jackson Circuit Court alleging the
arbitrator had exceeded his authority. The circuit court agreed
with Felters and remanded the cause to the arbitrator for a
decision consistent with the collective bargaining agreement.
On remand, the arbitrator decided to overrule the circuit court
by finding that he had sole jurisdiction absent fraud to deter-
mine the contractual relationship between the parties and
reaffirmed his original award. Felters brought another action in
the Jackson Circuit Court to have the award vacated and for an
order of superintending control. The court, James G. Fleming,
J., vacated the arbitration award and ordered that Wetmore
not be reinstated. No decision was made regarding the request
for superintending control. Defendant appealed. Held:

1. Judicial review of a labor arbitration award is limited to
whether the award was within the authority conferred on the
arbitrator by the collective bargaining agreement. The fact that
the arbitrator's interpretation may be wrong is irrelevant.

2. The issue of superintending control, not being passed upon
by the trial court, was not a proper subject for review.

Reversed and the arbitrator's award reinstated.

ARBITRATION — JUDICIAL REVIEW — LABOR RELATIONS.
The merits of a grievance or an arbitration award are irrelevant

REFERENCE FOR POINTS IN HEADNOTE
[1] 48A Am Jur 2d, Labor and Labor Relations §§ 1984-1987.

when a court is asked to enforce an arbitration agreement or award thereunder; judicial review is limited to whether the award was within the authority conferred upon the arbitrator by the collective bargaining agreement, and once substantive arbitrability is determined, and no situation is presented which comes within the recognized exceptions to the rule of judicial deference to the decision of the arbitrator, judicial review effectively ceases.

*Best, Arnold, Gleeson & Best, P.C.* (by *Chad C. Schmucker* and *Anne L. Heyns),* for plaintiff.

*Leonard Schneider,* for defendant.

Before: M. J. KELLY, P.J., and BRONSON and R. M. DANIELS,* JJ.

PER CURIAM. Defendants, Local Union 318, Amalgamated Clothing & Textile Union, AFL-CIO and Frances Wetmore, appeal the trial court's order reversing an arbitrator's award reinstating Wetmore's employment with plaintiff, The Felters Company.

In April, 1973, Wetmore was hired by Felters. On March 8, 1978, she fractured her finger while working. Because the fracture did not heal, she was given six weeks of leave commencing July 7, 1979, during which she had the tip of her finger amputated. When Wetmore did not return to work on August 25, 1979, she was discharged by Felters.

Wetmore protested her discharge by filing a grievance which alleged that she was unable to return because she was recovering from surgery. The grievance proceeded to arbitration before arbitrator Marvin J. Feldman, who found that Wetmore had been improperly discharged. Felters commenced an action in Jackson County Circuit

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Court alleging that the arbitrator had exceeded his authority. The circuit court agreed with Felters and remanded the cause to the arbitrator for a decision consistent with the collective bargaining agreement. On remand, Feldman decided to over-rule the circuit court by finding that:

"A court sitting in Jackson, Michigan, while it may believe it has general jurisdiction over the interpretation of contracts, does in fact not have general jurisdiction, absent fraud, because the parties in fact bargained for arbitration and not for a judicial system to determine the rights and merits of the contractual relationship by and between the parties."

Arbitrator Feldman then affirmed the award as initially rendered. Felters Company went back to the circuit court and moved to have the arbitration award vacated. Felters also requested that the circuit court issue an order of superintending control over the arbitration proceedings. The circuit court vacated the arbitration award and ordered that Wetmore not be reinstated. No decision on Felters' request for an order of superintending control was entered. The defendants appeal this decision.

When reviewing an arbitrator's award, this Court has adopted the standard of review proclaimed by the United States Supreme Court in the *Steelworkers* trilogy.[1] In *Ferndale Education Ass'n v School Dist for City of Ferndale #1*, 67 Mich App 637, 642-643; 242 NW2d 478 (1976), this Court stated:

---

[1] *United Steelworkers of America v American Manufacturing Co*, 363 US 564; 80 S Ct 1343; 4 L Ed 2d 1403 (1960), *United Steelworkers of America v Warrior & Gulf Navigation Co*, 363 US 574; 80 S Ct 1347; 4 L Ed 2d 1409 (1960), *United Steelworkers of America v Enterprise Wheel & Car Corp*, 363 US 593; 80 S Ct 1358; 4 L Ed 2d 1424 (1960).

"Questions concerning the scope of judicial review of arbitrability and the awards made by arbitrators in labor disputes have been almost a plague on both state and federal courts for years, but the eminently proper attitude that we have taken is one of 'hands off'. The party that ends up holding the short end of an arbitrator's award may try desperately to fit the facts within the narrow doorway to the courts, but the judicial policy is clear. In the *Steelworkers* trilogy, the United States Supreme Court held that the merits of either the grievance or the arbitration award are irrelevant when a federal court is asked to enforce an arbitration agreement or award thereunder. Judicial review is limited to whether the award 'draws its essence' from the contract, whether the award was within the authority conferred upon the arbitrator by the collective bargaining agreement. Once substantive arbitrability is determined (as it was in the court below) judicial review effectively ceases. The fact that an arbitrator's interpretation of a contract is wrong is irrelevant." (Emphasis changed.)

Under this standard of review, the courts' power of review is very limited.

In this case, Felters discharged Wetmore because she failed to comply with § 7H(4) of the collective bargaining agreement. That section states:

"H. Seniority rights shall be terminated when an employee

\* \* \*

"(4) Is absent for three (3) working days without notifying the Company of proper reason for absence; or
\* \* \*."

Wetmore filed a grievance claiming that the discharge was improper. When the parties could not settle the grievance, they resorted to arbitration as required by § 12B of the collective bargaining agreement.

In his arbitration award, arbitrator Feldman recognized that the word "shall" was mandatory in nature. He also recognized that Wetmore failed to give notice to Felters within the required time. However, he ruled that § 7H(4) was not meant to apply to cases where the work-injured employee failed to give notice, but the company knew that the employee had been seriously injured. Furthermore, Feldman found that Felters knew Wetmore would not be returning on August 25, 1978. He therefore ordered her reinstatement.

The circuit court found that § 7H(4) was mandatory and that Feldman lacked the power to reinstate Wetmore. Although the circuit court's interpretation of the contract might be correct, it was error for it to vacate the arbitration award. Arbitrator Feldman interpreted the clause as applying to malingering employees and those whose attendance at work was irregular or unreliable and not to employees like Wetmore who had known job-related injuries which caused their absences. While the arbitrator's interpretation of the contract might be erroneous, it was his interpretation that the parties bargained for and the courts may not reverse his award. Therefore, the circuit court erred when it vacated the arbitrator's award.

Defendants also argue that the circuit court erred when it issued an order of superintending control over the arbitration proceedings. We do not have to review the propriety of an order of superintending control over an arbitration proceeding since the circuit court did not issue such an order. This Court will not review issues which were not decided by the trial court. *Brill v Cherwin,* 346 Mich 507, 514; 78 NW2d 122 (1956).

The circuit court's order vacating the arbitration award is reversed and the arbitration award is reinstated.