BOARD OF CONTROL OF FERRIS STATE COLLEGE v MICHIGAN
AFSCME, COUNCIL 25, LOCAL 1609

Docket No. 74118. Submitted May 3, 1984, at Grand Rapids.—Decided
    August 13, 1984.

    Daniel E. Macurio was discharged from his employment by the
    Board of Control of Ferris State College after striking his
    superintendent during an argument. Michigan AFSCME, Coun-
    cil 25, Local 1609, of which Macurio was a member, filed a
    grievance on his behalf under the collective-bargaining agree-
    ment between the union and the college. The grievance was
    processed to binding arbitration. The arbitrator found that the
    discharge was for just cause but ordered that Macurio be
    reinstated without back pay. The college sought relief in the
    Mecosta Circuit Court, alleging that the only issue before the
    arbitrator had been whether the discharge was for just cause
    and that the arbitrator exceeded his authority by ordering
    Macurio's reinstatement. The trial court, Lawrence C. Root, J.,
    granted the college's motion for summary judgment, holding
    that the arbitrator correctly found that the discharge was for
    cause but setting aside the arbitrator's order of reinstatement.
    The union appealed. *Held:*

    The arbitrator was limited by the collective-bargaining agree-
    ment to a determination of whether the discharge was for
    cause. The agreement provided that the imposition of sanctions
    for violations of work rules was the prerogative of the college.
    The arbitrator did not have authority to modify the sanction
    imposed.

    Affirmed.

1. ARBITRATION — LABOR RELATIONS — SCOPE OF REVIEW.

    Judicial review of a decision of an arbitrator in a case arising
    from a collective-bargaining agreement is limited to a determi-

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 156-158.
   48A Am Jur 2d, Labor and Labor Relations §§ 1758-1761.
   Appealability of judgment confirming or setting aside arbitration
      award. 7 ALR3d 601.
[2] 48A Am Jur 2d, Labor and Labor Relations § 1732.
[3] 48A Am Jur 2d, Labor and Labor Relations § 1758.

nation of whether the decision was within the authority and jurisdiction granted to the arbitrator by the collective-bargaining agreement.

2. Labor Relations — Federal Precedent.

Federal cases arising under the National Labor Relations Act are persuasive, but non-binding, authority for decisions in cases involving collective-bargaining agreements entered into in accordance with the Michigan public employment relations act (MCL 423.201 et seq.; MSA 17.455[1]).

3. Arbitration — Labor Relations — Arbitrator's Authority.

An arbitrator cannot ignore plain and unambiguous language in a collective-bargaining agreement and may not modify an employer's sanction for employee misconduct where the collective-bargaining agreement clearly vests with the employer the power to determine appropriate measures.

*Miller, Johnson, Snell & Cummiskey* (by *Michael A. Snapper* and *Robert J. Christians)*, for plaintiff.

*Elizabeth Bunn* and *David J. Houston,* for defendant.

Before: Beasley, P.J., and Allen and M. B. Breigner,* JJ.

Per Curiam. Defendant-appellant, Michigan AFSCME, Council 25, Local 1609, hereinafter referred to as union, appeals from a circuit court judgment in favor of plaintiff-appellee, The Board of Control of Ferris State College, that vacated an arbitration award rendered pursuant to a collective-bargaining agreement between plaintiff and defendant.

Daniel E. Macurio, a custodian at plaintiff college, was fired when he hit his superintendent in the face with his fist during an argument over an alleged deficiency in Macurio's pay check. Defendant union filed a grievance under the collective-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

bargaining agreement, claiming Macurio's discharge was without cause and violated the collective-bargaining agreement. Plaintiff employer denied the grievance and defendant union processed the grievance to final and binding arbitration under the contractual grievance procedure. An arbitrator was selected, and he heard both sides completely, finding as follows:

"Grievant Macurio shall be forthwith reinstated to his job without back pay. To this extent, the grievance is sustained. * * *

"* * * Grievant Macurio is to be given another opportunity to perform his job in accordance with College Working Rules. This determination, in large part, was predicated upon the attitude exhibited by the grievant as he testified at the hearing. The grievant expressed his remorse and regret for his actions on October 15, 1981, and admitted that he was wrong and truly sorry. He apologized to Mr. Gawne [the supervisor involved] on the spot. * * *

"He has pledged to Mr. Gawne, the union representatives present and this arbitrator, that such actions shall never occur again."

In addition, the arbitrator ruled:

"Because of the nature of this case, the discharge shall be mitigated (reduced) to a disciplinary suspension from the time of discharge until his return to work."

Plaintiff college appealed to the circuit court, claiming that the only issue before the arbitrator was whether the discharge was for just cause. Plaintiff college claimed that the action of the arbitrator in ordering Macurio's reinstatement exceeded his authority under the collective-bargaining agreement of the parties. The union counterclaimed for enforcement of the award and filed a motion for accelerated judgment based on GCR

1963, 116.1(2) and (5), arguing that the court lacked subject matter jurisdiction and that the college's claim was barred by a binding arbitration award. The parties also filed cross-motions for summary judgment pursuant to GCR 1963, 117.2(3).

The trial court granted plaintiff college's motion for summary judgment and set aside the award, holding that the arbitrator exceeded his authority when he imposed an unauthorized sanction after concluding that Macurio was discharged for cause. On appeal, defendant union claims that the trial court erred in setting aside the arbitration award, which found just cause for discharge but nonetheless ordered reinstatement based on the circumstances.

In *Ferndale Education Ass'n v School Dist for the City of Ferndale #1*,[1] we said the standard of review of an arbitration award is:

"Questions concerning the scope of judicial review of arbitrability and the awards made by arbitrators in labor disputes have been almost a plague on both state and federal courts for years, but the eminently proper attitude that we have taken is one of 'hands off'. The party that ends up holding the short end of an arbitrator's award may try desparately to fit the facts within the narrow doorway to the courts, but the judicial policy is clear. In the *Steelworkers* trilogy,[1] the United States Supreme Court held that the merits of either the grievance or the arbitration award are *irrelevant* when a federal court is asked to enforce an arbitration agreement or award thereunder. Judicial review is limited to whether the award 'draws its essence' from the contract, whether the award was within the authority conferred upon the arbitrator by the collective-bargaining agreement. Once substantive arbitrability is determined (as it was in the court below) judicial review

---

[1] 67 Mich App 637, 642-643; 242 NW2d 478 (1976).

effectively ceases. The fact that an arbitrator's interpretation of a contract is wrong is irrelevant.

"This position of limited review has been adopted by the Michigan Supreme Court. *Frazier v Ford Motor Co,* 364 Mich 648; 112 NW2d 80 (1961), *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers Ass'n,* 393 Mich 583; 227 NW2d 500 (1975). This Court follows the same policy. *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975).

---

[1] *United Steelworkers of America v American Mfg Co,* 363 US 564; 80 S Ct 1343; 4 L Ed 2d 1403 (1960), *United Steelworkers of America v Warrior & Gulf Nav Co,* 363 US 574; 80 S Ct 1347; 4 L Ed 2d 1409 (1960), *United Steelworkers of America v Enterprise Wheel & Car Corp,* 363 US 593; 80 S Ct 1358; 4 L Ed 2d 1424 (1960)."

---

Therefore, we analyze the arbitrator's decision to determine whether it "draws its essence" from the collective-bargaining agreement, *i.e.,* whether it was within the authority and jurisdiction granted to the arbitrator by the agreement.

The Grievance and Arbitration Procedure provision of the agreement provides in pertinent part:

"Article 11

"* * * The Employer, the Union, the Arbitrator and the Arbitration shall be subject to the following, which shall control if there is conflict with the rules of the Association:

"1. The Arbitrator *shall* be empowered to rule only on a grievance which alleges a violation of a specific article or section of the Agreement.

"2. The Arbitrator *shall not* have any authority to add to, subtract from, or otherwise modify any of the terms of this Agreement.

"3. It *shall not* be within the jurisdiction of the Arbitrator to change an existing wage rate, or to establish a new wage rate, nor to rule on the Employer's rights to manage and direct its work force unless there is contained in this Agreement a specific and explicit

limitation of those rights, nor to infer from any provisions of this Agreement any limitation of those rights.

\* \* \*

"6. The Arbitrator's decision when made in accordance with his jurisdiction and authority established by this Agreement *shall* be final and binding upon the College, the Union and the employee or employees involved. \* \* \*

"9. The Arbitration hearing, except as otherwise provided in this Agreement or as agreed to between the College and the Union, shall be governed by the Labor Arbitration rules of the American Arbitration Association." (Emphasis added.)

Article 12, § 1 of the parties' agreement states:

"The Employer shall not discharge or take other disciplinary action without just cause (except in the case of probationary employees)."

The agreement does not define "just cause".

The Management Rights provision states that the college has the right to make rules necessary to maintain order and safety. Pursuant to that right, the college developed "Work Rules" detailing minor and major violations. In his decision, the arbitrator found that Macurio violated Major Rule Violations No. 9 (fighting) and No. 15 (threatening coworkers with physical harm). A "Major Rule Violation" is defined in the work rules as follows:

"Major offenses are any willful or deliberate violations of College or safety rules of such a degree that continued employment of the individual may not be desirable. The following are examples of some offenses which may subject an employee to immediate discipline, including discharge."

In his opinion, the trial judge noted that the award would be binding only if it was made within

the arbitrator's jurisdiction and authority. He also stated that once the arbitrator concluded that just cause for discharge existed, the arbitrator's authority ceased and any further action was improper.

Both parties rely in part on federal decisions to support their respective arguments. Since the collective-bargaining agreement was entered into in accordance with the public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* federal decisions under the National Labor Relations Act are persuasive, though non-binding, authority.[2]

The federal decisions reach widely divergent conclusions based on the facts and the controlling agreements. The union argues that the mere fact that the arbitrator found just cause for discharge does not prevent him from fashioning an appropriate remedy.[3] The college counters that none of the cases cited by the union involved an arbitrator who modified a penalty after just cause for discharge was found. Instead, the college relies on a series of federal cases which hold that, where the penalty for particular misconduct is the subject of unambiguous contractual provisions, an arbitrator is powerless to substitute his own judgment re-

---

[2] *Cf. Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers Ass'n,* 393 Mich 583, 590-591; 227 NW2d 500 (1975).

[3] See *Timken Co v United Steelworkers of America,* 492 F2d 1178, 1180 (CA 6, 1974), where the court affirmed an award after an arbitrator found that the employee's technical violation of a rule against fighting was not a proper ground for discharge; *Campo Machining Co, Inc v Local Lodge 1926, International Ass'n of Machinists & Aerospace Workers,* 536 F2d 330, 333 (CA 10, 1976), where the court ordered reinstatement of an award which found that mere breach of a company rule was not just cause for discharge; *F W Woolworth Co v Miscellaneous Warehousemen's Union, Local No 781,* 629 F2d 1204, 1214-1216 (CA 7, 1980), *cert den* 451 US 937; 101 S Ct 2016; 68 L Ed 2d 324 (1981), where the court's holding was similar to that in *Campo.*

garding the appropriate punishment once he finds a violation of a rule.[4]

The applicable rules were well summarized in *Morgan Services, Inc v Local #323, Chicago & Central States Joint Bd, Amalgamated Clothing & Textile Workers Union, AFL-CIO,*[5] where the court stated:

"It is equally well established, however, that an arbitrator cannot ignore plain and unambiguous language in the collective-bargaining agreement, * * * and that an arbitrator may not modify an employer's sanction for employee misconduct when a collective-bargaining agreement clearly vests the power to determine appropriate measures with the employer * * *. Thus, if the agreement is ambiguous, the arbitrator could construe it as allowing him to modify a sanction for insubordination; if there is any basis for that construction in the agreement, we lack authority to alter the arbitrator's determination. On the other hand, if the agreement unambiguously allocated the power to discharge for insubordination solely to the Company, then the arbitrator was without power to modify the Company's sanction." (Footnote and citations omitted.)

As indicated, in the within case the work rules, promulgated by plaintiff and given recognition in the collective-bargaining agreement, provide that violations of so-called major rules may be grounds for discharge. Under this collective-bargaining agreement, violation of a major rule vests the employer with discretion to discharge the employee. Because it is not mandatory to discharge for major rule violations, the word "may", rather than the word "shall", is used. Some courts have

[4] See *Sears, Roebuck & Co v Automotive, Petroleum & Allied Industries Union, Local No 618,* 570 F Supp 650, 653 (ED Mo, 1983).

[5] 724 F2d 1217, 1222 (CA 6, 1984). See, also, *Chemineer, Inc v Local Lodge 225 International Ass'n of Machinists & Aerospace Workers, AFL-CIO,* 573 F Supp 1, 3 (SD Ohio, 1983).

distinguished between the words "shall" and "may" in this context.[6] Some commentators would prefer that an arbitrator generally have the power to modify sanctions unless the agreement specifically provides otherwise.[7] We do not necessarily embrace that preference. We seek to arrive at the parties' intention by consideration of the entire collective-bargaining agreement.

While other provisions in the parties' agreement use the mandatory "shall", these provisions are not necessarily controlling here because they do not expressly limit the arbitrator's power to provide appropriate sanctions. The agreement does provide that the arbitrator "shall not" modify any terms of the agreement. However, the work rules (which are arguably included in the agreement) only provide that violations *may* be cause for discharge. Whether the employer's right to "manage and direct its work force" is abridged when an arbitrator decides to modify a sanction seemingly imposed within management's discretion is another question. The agreement does provide that the parties will be bound by the arbitrator's decision.

The college emphasizes that the arbitrator's opinion expressly found just cause for discharge. This is indeed a distinguishing factor from those cases where the arbitrators fell short of actually finding just cause for discharge. In many, violations of rules were found, but discharge was found to be an inappropriate sanction.

In this case, the violation of a major rule was extreme and excessively violent. In fact, Macurio

---

[6] See *International Brotherhood of Firemen & Oilers, AFL-CIO, Local No 935-B v Nestle Co, Inc,* 630 F2d 474 (CA 6, 1980); *Cf. Felters Co v Local 318 Amalgamated Clothing & Textile Workers Union, AFL-CIO,* 108 Mich App 333, 337; 310 NW2d 233 (1981).

[7] See Elkouri & Elkouri, How Arbitration Works (3d ed), pp 628-629 and cases cited therein.

pled guilty to assault and battery, a criminal charge. We interpret the collective-bargaining agreement to give plaintiff college discretion to fire Macurio following the arbitrator's finding that plaintiff college had just cause to discharge. The agreement did not make the employer's right to discharge Macurio for just cause subject to modification by an arbitrator who expressly found that just cause existed. Either plaintiff college had a right to discharge Macurio when the arbitrator found that just cause to discharge existed, or it did not. We believe that under their collective-bargaining agreement the parties intended the employer to have discretion to discharge Macurio. Under the facts of this case, the arbitrator lacked authority to modify the employee's discharge after his unambiguous finding that the college had just cause to discharge the employee.

Affirmed.