ROSEVILLE COMMUNITY SCHOOL DISTRICT v ROSEVILLE
FEDERATION OF TEACHERS

Docket No. 73091. Submitted July 18, 1984, at Detroit.—Decided
September 4, 1984. Leave to appeal applied for.

The Roseville Community School District filed a complaint in
Macomb Circuit Court against the Roseville Federation of
Teachers seeking to vacate an arbitration award which deter-
mined a seniority date for a reinstated teacher. The arbitration
had resulted from a grievance filed by the teacher. The court,
Frank E. Jeanette, J., granted summary judgment in favor of
the defendant, finding that the award was within the authority
granted to the arbitrator by the collective-bargaining agree-
ment and that the plaintiff had failed to plead a legally viable
claim. Plaintiff appealed, alleging that the court erroneously
decided the case on the merits by going beyond the pleadings
and applied an erroneous standard of review. *Held:*

1. Judicial review of an arbitration award under a collective-
bargaining agreement is limited to the question of whether the
award draws its essence from the contract; whether the award
was within the authority conferred upon the arbitrator by the
contract. The court applied the proper standard of review.

2. Summary disposition of plaintiff's claims was proper, given
the limited scope of review. Plaintiff's challenges to the method
by which the arbitrator arrived at his decision, including the
conduct of the hearing and the submission of evidence, are
procedural questions which are outside the purview of judicial
review.

3. The question of the timeliness of the grievance was a
matter for the decision of the arbitrator.

4. Plaintiff's assertion that the arbitration award was not
issued in a timely manner was not sufficient to state a claim.
Time limitations for filing awards are directory rather than
mandatory.

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations § 1984.
[2] 48A Am Jur 2d, Labor and Labor Relations § 1838.

    5. Plaintiff's claim of fraud is without merit.

    Affirmed.

1. ARBITRATION — JUDICIAL REVIEW — LABOR DISPUTES.

    Judicial review of an arbitration award in a labor dispute is limited to whether the award draws its essence from the collective-bargaining agreement, *i.e.,* whether the award was within the authority conferred upon the arbitrator by the agreement; the fact that an arbitrator's interpretation of a contract is wrong is irrelevant.

2. ARBITRATION — JUDICIAL REVIEW — LABOR DISPUTES — ARBITRATION PROCEDURE.

    Procedural questions concerning a grievance and arbitration procedure which grow out of a labor dispute covered by a collective-bargaining agreement and bear on its final disposition are to be left to the arbitrator; they are outside the purview of judicial review.

*LaBarge, Dinning, Lyons & Greve, P.C.* (by *Ronald H. Greve),* for plaintiff.

*Miller, Cohen, Martens & Sugerman, P.C.* (by *Mark H. Cousens),* for defendant.

Before: WAHLS, P.J., and ALLEN and GRIBBS, JJ.

ALLEN, J. Plaintiff school district appeals as of right from the circuit court opinion, dated May 20, 1983, and order, entered July 19, 1983, which granted defendant teachers association's motion for summary judgment, GCR 1963, 117.2(1), and confirmed an arbitration award establishing September, 1973, as the seniority date for grievant Charles Bode.

The factual and historical background of this case is set forth in detail in the dissenting opinion of Justice RYAN in *Bode v Roseville School Dist,* 405 Mich 517, 531-534; 275 NW2d 472 (1979), *reh den* 406 Mich 1121 (1979). The issue decided in *Bode,* that Bode was entitled to tenure as a teacher based on his work as an administrator,

leads to the issue in the present case: what seniority date is to be applied. Following the release of the Supreme Court's opinion in February, 1979, Bode was reinstated as a teacher effective March, 1979. Claiming that he was entitled to a seniority date of September, 1973, the date that his contract as an administrator expired and the time at which he was eligible for reinstatement as a teacher, Bode filed a grievance.

Resolution of the grievance centered on a determination of whether Bode could have been employed as a teacher in September of 1973.

The matter was ultimately submitted to arbitration and by opinions dated April 2 and September 9, 1982, the arbitrator determined that the dispute was arbitrable and that the grievance was of a continuing nature and thus was timely filed. On the merits, the arbitrator determined that the school district had employed a teacher without endorsement in a position for which Bode was endorsed and, therefore, Bode was entitled to the claimed September, 1973, seniority date.

Plaintiff filed a complaint in Macomb Circuit Court for vacation of the arbitration award alleging that the arbitrator was without jurisdiction because the grievance was not filed within 15 days of the date that Bode was allegedly denied seniority, *i.e.,* September, 1973; that the proceedings before the arbitrator were conducted in a grossly unfair manner; that the arbitrator lost jurisdiction over the grievance due to his failure to render timely a decision; that the arbitrator went beyond the scope of the issue submitted for decision; and that the award was so unreasonable as to constitute fraud on the part of the arbitrator. Defendant countered by filing a claim for enforcement of the award and a motion for summary judgment on the

ground that plaintiff had failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1).

After reviewing the arbitration award, in conjunction with plaintiff's asserted grounds for *vacatur,* the trial court held that the award drew its essence from the contract and was within the authority granted to the arbitrator. The court also determined that plaintiff had failed to plead a legally viable claim and therefore was not entitled to the relief sought.

Although the parties phrase the issues in somewhat different terms, the determinative question is whether the trial court properly granted summary judgment to defendant.

Plaintiff argues that the trial court erred by looking beyond the pleadings, accepting defendant's factual assertions as true, and then proceeding to decide the case on the merits without an evidentiary hearing. Further, plaintiff asserts that the trial court applied an erroneous standard of review. *DAIIE v Gavin,* 416 Mich 407; 331 NW2d 418 (1982), according to plaintiff, set forth the proper standard of judicial review for this labor arbitration dispute. We disagree and affirm the decision of the lower court.

In *DAIIE v Gavin, supra,* a case involving automobile insurance policy arbitration, the Supreme Court established the standard of review for cases involving statutory arbutration, MCL 600.5001 *et seq.;* MSA 27A.5001 *et seq.* Although noting that statutory arbitration is governed by rules of the Supreme Court which set forth the bases upon which to vacate, modify, or correct an arbitration award, GCR 1963, 769.9(1) and 769.10(1), the Court found that no clear standard had emerged which justified court invasion of an arbitration award.

*Gavin, supra,* pp 417-418, 435. After reviewing several prior decisions involving common-law, private, and statutory arbitration, the Court concluded that the standard of review established in *Howe v Patrons' Mutual Fire Ins Co of Michigan,* 216 Mich 560, 570; 185 NW 864 (1921), should be adopted as the proper standard of judicial review for statutory arbitration cases.

While the *Gavin* Court did provide for a broader role for the judiciary in their review of statutory arbitration disputes, no such comparable role was established for the review of labor arbitration disputes. Even a cursory reading of *Gavin* discloses a complete lack of reference to cases involving collective-bargaining or traditional labor arbitration. Clearly, the focus and emphasis of *Gavin* was on statutory arbitration which, by its terms, specifically excludes arbitration agreements included in collective-bargaining contracts from its scope. MCL 600.5001(3); MSA 27A.5001(3). We find no language in *Gavin* which indicates either a departure from the existing standard of judicial review of a labor arbitration award or an intent to broaden its scope.[1]

The Michigan Supreme Court, in *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson Teachers Ass'n,* 393 Mich 583, 591; 227 NW2d 500 (1975), adopted the federal standard of review of labor arbitration awards established by the United States Supreme Court in the *Steel-*

---

[1] We have found no labor arbitration case which expressly adopts the standard of judicial review set forth in *Gavin.* Although *Gavin* was cited in *Northern Michigan Ed Ass'n v Cheboygan Area Schools Bd of Ed,* 126 Mich App 781; 337 NW2d 923 (1983), the Court did not adopt or apply that standard of review. Similarly, we do not view the Supreme Court's remand order in *Clintondale Community School Dist Bd of Ed v Clintondale Ed Ass'n,* 417 Mich 969 (1983), as an indication that the Supreme Court has adopted the *Gavin* standard as applying to all arbitration cases.

*workers* trilogy. *United Steelworkers of America v Warrior & Gulf Navigation Co,* 363 US 574; 80 S Ct 1347; 4 L Ed 2d 1409 (1960); *United Steelworkers of America v Enterprise Wheel & Car Corp,* 363 US 593; 80 S Ct 1358; 4 L Ed 2d 1424 (1960); *United Steelworkers of America v American Manufacturing Co,* 363 US 564; 80 S Ct 1343; 4 L Ed 2d 1403 (1960). That standard was clearly delineated in *Ferndale Ed Ass'n v School Dist for City of Ferndale #1,* 67 Mich App 637, 642-643; 242 NW2d 478 (1976):

"Questions concerning the scope of judicial review of arbitrability and the awards made by arbitrators in labor disputes have been almost a plague on both state and Federal courts for years, but the eminently proper attitude that we have taken is one of 'hands off'. The party that ends up holding the short end of an arbitrator's award may try desperately to fit the facts within the narrow doorway to the courts, but the judicial policy is clear. In the *Steelworkers* trilogy, the United States Supreme Court held that the merits of either the grievance or the arbitration award are *irrelevant* when a Federal court is asked to enforce an arbitration agreement or award thereunder. Judicial review is limited to whether the award 'draws its essence' from the contract, whether the award was within the authority conferred upon the arbitrator by the collective bargaining agreement. Once substantive arbitrability is determined (as it was in the court below) judicial review effectively ceases. The fact that an arbitrator's interpretation of a contract is wrong is irrelevant." (Footnote omitted; emphasis in original.)

Thus, we find that the trial court did not err in applying the standard delineated in *Ferndale, supra,* rather than the standard of judicial review set forth in *Gavin.* The court, in conjunction with the stated standard, specifically found that the award drew its essence from the contract and that the

award was within the authority of the arbitrator. While we note that the trial court did not make a specific finding that the dispute was arbitrable, plaintiff never alleged that the grievance was not a proper subject of arbitration under the parties' contract. Under the limited scope of review afforded labor arbitration awards, we find no error in the trial court's rulings.

In addition to claiming that the trial court utilized the improper standard of review of the arbitration award, plaintiff claims that the trial court improperly granted summary judgment because material questions of fact and law existed. Plaintiff asserts that the allegations in the complaint concerning the gross unfairness of the proceedings and the partiality of the arbitrator represent questions of fact which preclude summary judgment. Plaintiff also claims that the issues concerning the jurisdiction of the arbitrator and the irrationality of the award should have been considered by the court and not dismissed without a hearing. We find that summary disposition of plaintiff's claim was proper.

The scope of judicial review of a labor arbitration award is narrow and the reviewing court must not substitute its judgment for that of the arbitrator in questions of contract interpretation. *Kaleva-Norman-Dickson School Dist, supra,* p 595. Moreover, as noted by the Supreme Court in *John Wiley & Sons, Inc v Livingston,* 376 US 543; 84 S Ct 909; 11 L Ed 2d 898 (1964), procedural questions surrounding the grievance and arbitration procedures, including the timeliness of the grievance, whether it is of a continuing nature and whether grievance procedures have been followed or excused, cannot usually be resolved without consideration of the merits of the underlying dispute. It is

for that reason, and based upon the policy favoring arbitration, that " 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator". *Id.,* p 557.

In the present case, plaintiff challenged the method by which the arbitrator arrived at his decision, including the conduct of the hearing and the submission of evidence. Both claims involve procedural matters which are outside the purview of judicial review. While the trial court opinion reveals that the court did consider a "fact" not included in the complaint, *viz.:*—that plaintiff had failed to object to these procedures during the arbitration phase, we perceive no reversible error in this regard. The court properly considered the policy, noted in *John Wiley, supra,* that courts must not delve into strictly procedural matters. Such scrutiny would discourage arbitration as a forum for dispute resolution and result in unwarranted delay and duplication of arbitral and judicial effort.

Next, plaintiff challenges the jurisdiction of the arbitrator. First, plaintiff challenges the initial determination that the Bode grievance was timely filed because it was of a continuing nature. This issue involves an interpretation of the parties' agreement and must be distinguished from the basic question of whether the claim itself, the question of seniority, was arbitrable. As such, the reviewing court is not free to substitute its judgment on a matter of contract interpretation for that of the arbitrator. Thus, the trial court's conclusion that the arbitrator's decision that the grievance was continuing was reasonable and proper was not improper. It is apparent that the trial court recognized this claim as a procedural

issue resting within the authority of the arbitrator.

Plaintiff's second jurisdictional challenge is based on the arbitrator's failure to issue the award in a timely manner. We agree with the trial court that this challenge is insufficient to state a claim upon which relief could be granted. Time limitations for filing an arbitration award have been considered to be directory rather than mandatory. See, *e.g., Pingree v State Court of Mediation & Arbitration,* 130 Mich 229; 89 NW 943 (1902); *Dearborn Fire Fighters Union v City of Dearborn,* 394 Mich 229; 231 NW2d 226 (1975). Considering the lack of demonstrable prejudice and the plaintiff's failure to set forth the contractual provisions establishing the time limitations for submission of the award, or the American Arbitration Association rules which it claims were violated, summary disposition of this claim was proper.

Plaintiff's remaining claim must also fall. The argument that the decision of the arbitrator is so unreasonable that it constitutes fraud represents a thinly veiled attack on the decision itself. Neither this Court nor the trial court stand in a position to overturn the arbitrator's decision on the merits of the grievance. As has often been repeated, "the fact that an arbitrator's interpretation of a contract is wrong is irrelevant". *Ferndale, supra,* p 643. Plaintiff has not alleged any facts, other than the claimed unreasonableness of the award, in support of its claim of fraud. Plaintiff may not end run the rule by calling "unreasonableness" "fraud". The trial court clearly found that the award drew its essence from the contract and that the decision of the arbitrator was within the authority conferred upon him by the parties' contract.

Summary disposition of plaintiff's claim was proper. We have addressed only those grounds for *vacatur* which were included in plaintiff's complaint and have not considered any of the other supporting grounds which were included in the appellate briefs. Although there is reference in the trial court's opinion to matters outside of the complaint, we find that sufficient grounds independent of such considerations exist to support the summary judgment order. The decision of the trial court is affirmed. Costs to defendant.