JONTIG v BAY METROPOLITAN TRANSPORTATION
AUTHORITY

Docket No. 108041. Submitted April 4, 1989, at Lansing. Decided July
17, 1989. Leave to appeal applied for.

John Jontig was employed by the Bay Metropolitan Transporta-
tion Authority under a three-year individual employment con-
tract providing for the arbitration of disputes. Jontig was fired
under an article of the contract providing for severance pay in
the event of termination for reasons other than mal- or misfea-
sance. No reason was given for his firing. Jontig sought arbitra-
tion and produced evidence that the authority promulgated a
personnel policy requiring good cause for termination and that
he had been assured by a member of the authority's board that
he would not be fired if he did his job. The arbitrator deter-
mined that Jontig's firing violated the contract and awarded
him $82,701 plus costs and medical coverage. Jontig moved in
the Bay Circuit Court to confirm the award. The court, William
J. Caprathe, J., held that the arbitrator exceeded his powers
and vacated the award except for the severance pay provided
for in the contract. Jontig appealed.

The Court of Appeals *held:*

The circuit court, upon application of a party to statutory
arbitration to confirm or vacate an award, may set aside the
award where on its face it appears that the arbitrator made an
error of law so substantial that but for the error the award
would have been substantially different. The contract's provi-
sions were unambiguous. The court did not err.

Affirmed.

MICHAEL J. KELLY, P.J., dissented. He would hold that there
was conflicting evidence creating an issue for the trier of fact.
He would reverse and reinstate the award.

ARBITRATION — VACATION OF AWARDS.

The circuit court, upon application of a party to statutory arbitra-

REFERENCES

Am Jur 2d, Arbitration and Award §§ 167 *et seq.*

Refusal of arbitrators to receive evidence, or to permit briefs or
arguments, on particular issues as grounds for relief from award.
75 ALR3d 132.

tion to confirm or vacate an award, may set aside the award where on its face it appears that the arbitrator made an error of law so substantial that but for the error the award would have been substantially different; in such a case the arbitrator exceeded his powers (MCR 3.602[J]).

*Hakim Ben Adjoua,* for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Howard L. Shifman*), for defendant.

Before: MICHAEL J. KELLY, P.J., and GILLIS and CYNAR, JJ.

CYNAR, J. Plaintiff appeals from the order of the circuit court which vacated an arbitration award in favor of plaintiff and awarded an amount equal to sixty-days pay. The arbitrator had awarded plaintiff $85,201 in damages against defendant for breach of plaintiff's employment contract.

Plaintiff and defendant entered into a contract for plaintiff's employment. The contract provides in part:

> WHEREAS, the Authority desires to secure the services of Jontig as its General Manager for a period of three (3) years, and Jontig is willing to enter into this Agreement for such period, and the parties hereto agree as follows:
>
> ARTICLE I
>
> TERM OF EMPLOYMENT
>
> The Authority hereby employs Jontig, and Jontig hereby accepts employment with the Authority as its General Manager for a period of three (3) years beginning on the 12th day of March, 1986, and continuing until the 11th day of March, 1989, or later if mutually agreed upon.

After a little over one year, defendant fired

plaintiff pursuant to Article VI of the contract. Article VI of the contract reads as follows:

### TERMINATION

A. *Authority:* The Authority and Jontig mutually recognize that as the Authority's General Manager, Jontig serves at the pleasure of the Authority's Board of Directors. However, the Authority and Jontig further recognize that if Jontig's services are terminated by the Authority's Board of Directors for any reason other than malfeasance or misfeasance, then Jontig will receive sixty (60) days severance pay.

Defendant gave plaintiff no reason for his discharge.

On July 1, 1987, plaintiff filed for arbitration pursuant to Article XIV of the contract. Arbitration was held in October, 1987.

At the arbitration proceedings, plaintiff argued that, because the contract was for a definite term, three years, it required good cause to terminate plaintiff. Plaintiff argued that the personnel policy that defendant promulgated required good cause before termination of employees and that a member of defendant's board of directors told plaintiff that he would not be fired if he did his job. Defendant argued that the employment contract allowed for termination at will by defendant and that good cause to terminate was unnecessary.

After hearing the testimony and arguments, the arbitrator found that the provisions of the contract that established a definite term of employment and at will termination conflicted and created an ambiguity in the contract. The arbitrator then looked at the evidence surrounding the negotiation and drafting of the contract to interpret the contract.

The arbitrator determined that defendant vio-

lated the contract by firing plaintiff without good cause. The arbitrator awarded plaintiff $82,701 in damages, $2,500 in costs, and medical coverage for the remainder of the contract term.

Plaintiff moved to have the circuit court confirm the arbitration award and defendant moved to have the circuit court vacate the award. The trial court ruled that the arbitrator exceeded his powers and vacated the arbitration award because the award went beyond the material terms of the contract. The arbitration award was vacated except for that amount equal to sixty days of plaintiff's pay.

Plaintiff Jontig argues that the circuit court erred by applying an inappropriate standard of review to the arbitrator's decision. We disagree.

Under MCL 600.5001; MSA 27A.5001, most civil cases in Michigan can be submitted to arbitration. A circuit court's review of an arbitration award is provided for under MCR 3.602. MCR 3.602(J) provides in part:

> (1) On application of a party, the court shall vacate an award if:
>
> * * *
>
> (c) the arbitrator exceeded his or her powers; or
> (d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

In *DAIIE v Gavin,* 416 Mich 407, 443; 331 NW2d 418 (1982), the Michigan Supreme Court adopted the standard for judicial review of a statutory arbitration award as follows:

> Where it clearly appears on the face of the

award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside.

In *Roseville Community School Dist v Roseville Federation of Teachers,* 137 Mich App 118, 123; 357 NW2d 829 (1984), lv gtd 422 Mich 940 (1985), lv dis per stipulation 422 Mich 940 (1986), a panel of this Court ruled that the *Gavin* standard of review did not apply to cases involving collective bargaining agreements. The panel reasoned that the *Gavin* Court expressly ruled that the expanded standard of review applied to cases reviewing statutory arbitration awards. *Roseville, supra,* p 122. Under MCL 600.5001(3); MSA 27A.5001(3), only cases involving collective bargaining agreements are expressly excluded from statutory arbitration.

The trial court correctly applied the *Gavin* standard of review in this case. *Gavin* applies to cases involving statutory arbitration. MCL 600.5001(3); MSA 27A.5001(3) excludes only collective bargaining agreements from application of the rules of statutory arbitration. This case involves an agreement between an employer and an employee and not a collective bargaining agreement. Therefore, we find that the trial court applied the proper standard of review in this case.

Plaintiff Jontig further contends that the circuit court improperly reviewed the arbitrator's interpretation of the provisions of the employment contract.

In reviewing an arbitration award, with regard to whether it should be affirmed or vacated, the circuit court may vacate if the arbitrator exceeds

his powers in determining the award. The Supreme Court, in *Gavin, supra,* p 434, stated:

> Arbitrators can fairly be said to exceed their power whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law.

The circuit court was of the opinion that the arbitrator ignored material terms of the contract and thereby exceeded his power. While observing the contract at first glance it may appear to be ambiguous. However, a review of the entire contract can only result in one logical interpretation. According to the preamble and Article I of the contract, the contract was to run for a period of three years. According to the termination provision, the transportation authority and Jontig mutually recognized that Jontig served at the pleasure of the transportation authority's board of directors. On these facts, the contract would have been open to the arbitrator's interpretation. However, the contract additionally provides that "the Authority and Jontig further recognize that if Jontig's services are terminated by the Authority's Board of Directors for any reason other than malfeasance or misfeasance, then Jontig will receive sixty (60) days severance pay." Thus, the contract unambiguously provides for only sixty days severance pay and the arbitrator exceeded his power by awarding damages in excess of sixty days of pay upon Jontig's termination.

The circuit court vacated the arbitration award except for that amount equal to sixty days of Jontig's pay. The basis of the circuit court's ruling was that the arbitration award went beyond the material terms of the contract. Based upon our

review of the record, we find that the circuit court's ruling was not erroneous.

Affirmed.

GILLIS, J., concurred.

MICHAEL J. KELLY, P.J. *(dissenting).* I disagree with the majority's conclusion that the circuit court properly vacated the arbitrator's award on the basis that the arbitrator exceeded his powers.

When employment is set by contract for a definite term, it is generally assumed that the employee can only be discharged for good cause. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 611; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980). An employer and employee may expressly agree that the employee may be discharged at any time for no reason, but this rule is generally applied to contracts for an indefinite period of employment. *Id.,* p 612, n 24. Statements by an employer that the employee would remain employed so long as he did the job may be used to prove that the employment contract required just cause for discharge. *Id.,* p 597. If the employer effects a personnel policy which states that employees will be discharged only for just cause, this practice may be used to prove that just cause was required to discharge the employee. *Id.,* pp 597-598.

Here there was conflicting evidence regarding whether plaintiff's employment contract permitted termination only for good cause or at will. Plaintiff's contract specified that his employment was for a three-year term. Plaintiff testified that a board member informed him that he would remain employed so long as he did his job. Also, defendant had promulgated a personnel policy which indicated that employees must be given a reason for

their discharge. This evidence indicated that plaintiff could only be discharged for good cause. However, the contract also stated that plaintiff could be terminated at the board's pleasure, and provided for sixty days severance pay, which indicated an employment contract terminable at will.

Where there is conflicting evidence over whether a contract allows discharge only for cause, this creates an issue of fact for the trier of fact. *Toussaint,* pp 620-621; *Schipani v Ford Motor Co,* 102 Mich App 606, 612; 302 NW2d 307 (1981). Such a fact question exists despite express contract language providing for termination at will. *Schipani, supra.* The evidence produced created a factual dispute to be resolved by the trier of fact. Fact finding is within an arbitrator's powers. *DAIIE v Gavin,* 416 Mich 407, 444; 331 NW2d 418 (1982). The arbitrator did not exceed his powers by acting as fact finder in this case.

I would reverse the circuit court and reinstate the arbitration award in favor of plaintiff.