LANSING COMMUNITY COLLEGE v LANSING COMMUNITY
COLLEGE CHAPTER OF THE MICHIGAN ASSOCIATION FOR
HIGHER EDUCATION (ON REMAND)

Docket No. 106282. Submitted February 1, 1988, at Lansing. Decided
June 17, 1988. Leave to appeal applied for.

A teacher was discharged from his employment by Lansing
Community College for allegedly smoking marijuana with stu-
dents from his class. The teacher's union, Lansing Community
College Chapter of the Michigan Association for Higher Educa-
tion, filed a grievance, contending that the dismissal was not
for good cause as required by the collective bargaining agree-
ment. The matter was submitted to binding arbitration. The
arbitrator found that the teacher had smoked marijuana with
students but that such conduct did not constitute good cause to
discharge the teacher. The school filed an action in Ingham
Circuit Court seeking to vacate the arbitrator's award. The
court, James T. Kallman, J., vacated the award on the bases
that the award was beyond the arbitrator's authority and was
contrary to public policy. The union appealed. The Court of
Appeals reversed, finding that the award was within the au-
thority of the arbitrator and that the award did not violate any
well-defined public policy. 161 Mich App 321 (1987). The school
sought leave to appeal to the Supreme Court which, in lieu of
granting leave to appeal, vacated the judgment of the Court of
Appeals and remanded for reconsideration in light of *United
Paperworkers International Union, AFL-CIO v Misco, Inc,* 484
US —; 108 S Ct 364; 98 L Ed 2d 286 (1988).

On remand, the Court of Appeals *held:*

The prior holding of the Court of Appeals is consistent with
the holding of the United States Supreme Court in the *United
Paperworkers* case.

Reversed and remanded.

ARBITRATION — ARBITRATION AWARDS — APPEAL — PUBLIC POLICY.

A court, when reviewing an arbitrator's award, may overturn the

REFERENCES

Am Jur 2d, Arbitration and Award §§ 145, 167 *et seq.*

Appealability of judgment confirming or setting aside arbitration
award. 7 ALR3d 608.

award if the underlying contract, as interpreted by the arbitrator, violates a well-defined and dominant public policy.

*MacLean, Seaman, Laing & Guilford* (by *Charles R. MacLean*), and *Vedder, Price, Kaufman & Kammholz* (by *Robert C. Claus, Paul L. Gleeson,* and *Bruce R. Alper*), of Counsel, for plaintiff.

*White, Beekman, Przybylowicz, Schneider & Baird, P.C.* (by *James A. White*), for defendant.

## ON REMAND

Before: KELLY, P.J., and SULLIVAN and SAWYER, JJ.

PER CURIAM. This matter was remanded from the Supreme Court to the Court of Appeals for consideration in light of *United Paperworkers International Union, AFL-CIO v Misco, Inc,* 484 US —; 108 S Ct 364; 98 L Ed 2d 286, 302 (1988). As stated by Justice White:

> In [*W R Grace & Co v Rubber Workers*], we recognized that "a court may not enforce a collective-bargaining agreement that is contrary to public policy," and stated that "the question of public policy is ultimately one for resolution by the courts." [461 US 757, 766; 103 S Ct 2177; 76 L Ed 2d 298 (1983).] We cautioned, however, that a court's refusal to enforce an arbitrator's *interpretation* of such contracts is limited to situations where the contract as interpreted would violate "some explicit public policy" that is "well defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents and not from general considerations of supposed public interests.' " [Emphasis in original.]

After reviewing this case in light of *United Paperworkers,* we reaffirm our prior holding.