CITY OF LINCOLN PARK v LINCOLN PARK POLICE OFFICERS
ASSOCIATION

Docket No. 101257. Submitted December 7, 1988, at Detroit. Decided
March 20, 1989.

Randall Noder, a police officer for the City of Lincoln Park and a
member of the Lincoln Park Police Officers Association, was
discharged from employment for violating several police depart-
ment rules and regulations. The violations related to an inci-
dent in which Noder, while on duty, engaged in sexual acts
with a citizen who had summoned the police. Noder filed a
grievance pursuant to the collective bargaining agreement
between the city and the association. The matter was subse-
quently submitted to final and binding arbitration. The arbitra-
tor issued an opinion and award which set aside the dismissal
and ordered Noder suspended without pay for one year and
placed on probation for one year after reinstatement. The city
brought an action against the association in Wayne Circuit
Court, seeking to have the arbitral award modified or vacated.
The association filed a counterclaim seeking to enforce the
award. The trial court, Susan D. Borman, J., granted summary
disposition in favor of the association, ruling that there were no
genuine issues of material fact and the association was entitled
to judgment as a matter of law. The city appealed.

The Court of Appeals *held:*

1. The trial court did not err in enforcing the arbitrator's
decision and order. The arbitrator acted well within the scope
of authority granted him by the collective bargaining agree-
ment in determining that, under the terms of the collective
bargaining agreement, Noder's misconduct merited a sanction
less severe than discharge.

2. While Noder's actions cannot be condoned, the arbitrator's
award itself is not violative of public policy,since it does not
violate a well-defined and dominant public policy, nor does it

REFERENCES

Am Jur 2d, Appeal and Error §§ 156-158; Labor and Labor Rela-
tions §§ 1838-1862.

Matters arbitrable under arbitration provisions of collective labor
contract. 24 ALR2d 752

mandate any illegal conduct or cause the employer to act unlawfully.

Affirmed.

1. ARBITRATION — COLLECTIVE BARGAINING AGREEMENTS.

Labor arbitration is a product of contract and an arbitrator's authority to resolve a dispute arising out of the appropriate interpretation of a collective bargaining agreement is derived exclusively from the agreement.

2. ARBITRATION — JUDICIAL REVIEW.

Judicial review of an arbitrator's decision is limited to a determination of whether the arbitrator's award draws its essence from the collective bargaining agreement; if the arbitrator in granting the award did not disregard the terms of his employment and the scope of his authority as expressly circumscribed in the agreement, judicial review effectively ceases.

3. ARBITRATION — JUDICIAL REVIEW — PUBLIC POLICY.

A court, when reviewing an arbitrator's award, may overturn the award if the underlying contract, as interpreted by the arbitrator, violates a well-defined and dominant public policy.

*Pagnucco & Kruse* (by *Kenneth D. Kruse*), for plaintiff.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *George H. Kruszewski*), for defendant.

Before: WAHLS, P.J., and McDONALD and C. W. SIMON, JR.,* JJ.

McDONALD, J. Plaintiff appeals as of right from a May 29, 1987, order granting defendant's motion for summary disposition under MCR 2.116(C)(10) in plaintiff's action seeking to modify or vacate an arbitrator's opinion and award made pursuant to a collective bargaining agreement. We affirm.

On April 22, 1986, Lincoln Park Police Officer Randall Noder was charged with violating four sections of the Lincoln Park Police Department's

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

rules and regulations: § 24A(1), conduct unbecoming an officer; § 31D, truthfulness; § 24A(3), reporting police activities; and § 22E, requiring the recording of each activity in which an officer becomes involved. All four violations were the result of one act in which Officer Noder engaged in an improper consensual act of a sexual nature with the complaining witness after responding to her call for assistance and while on duty. Following the act, Officer Noder failed to note his visit to the complainant's home in his log book and failed to file a report on the incident. When questioned the next day, Officer Noder denied engaging in a sexual act the preceding night. However, on the following day Noder gave another statement in which he admitted he lied in his initial statement and truthfully set forth the events occurring at the complainant's home.

After a full hearing by the Lincoln Park Commission of Public Safety on May 1, 1986, Officer Noder was discharged by the city for violating the various sections of the rules and regulations of the police department. Following his discharge, Office Noder filed a grievance pursuant to the collective bargaining agreement between the City of Lincoln Park and the Lincoln Park Police Officers Association.

The grievance remained unresolved and was submitted to final and binding arbitration. On January 12, 1987, the arbitrator issued his opinion and award which set aside the dismissal and ordered a one-year suspension without pay or benefits, and one-year probation to commence upon Noder's return to the force.

Plaintiff filed the instant complaint seeking to modify or vacate the arbitrator's opinion and award. Defendant counterclaimed seeking to enforce the arbitrator's award according to its terms.

Both parties moved for summary disposition pursuant to MCR 2.116(C)(10). Following hearings on the motions, the trial court entered an order granting defendant's motion for summary disposition. It is from this order plaintiff now appeals.

On appeal plaintiff first claims the trial court erred in enforcing the arbitration award, claiming the award did not draw its essence from the contract. We disagree.

The necessary inquiry for this Court's determination is whether the award was beyond the contractual authority of the arbitrator. Labor arbitration is a product of contract and an arbitrator's authority to resolve a dispute arising out of the appropriate interpretation of a collective bargaining agreement is derived exclusively from the contractual agreement of the parties. *Port Huron Area School Dist v Port Huron Ed Ass'n,* 426 Mich 143; 393 NW2d 811 (1986). It is well settled that judicial review of an arbitrator's decision is limited. A court may not review an arbitrator's factual findings or decision on the merits. *Port Huron, supra.* Rather, a court may only decide whether the arbitrator's award "draws its essence" from the contract. If the arbitrator in granting the award did not disregard the terms of his employment and the scope of his authority as expressly circumscribed in the contract, judicial review effectively ceases. *Port Huron, supra; Ferndale Ed Ass'n v School Dist for City of Ferndale No 1,* 67 Mich App 637; 242 NW2d 478 (1976).

We believe the instant award "draws its essence" from the contract. Article XVIII(a) of the collective bargaining agreement at issue in the instant case provides:

> No member shall be discharged or otherwise disciplined except for just cause. The claim of any

member that he has been unjustly discharged or otherwise disciplined shall be processed as a grievance.

Article XVIII(f), step 4, provides:

The arbitrator shall limit his decisions strictly to the interpretation, application or enforcement of the specific articles and sections of the agreement, and it shall be without power or authority to make any decisions.

Rule 33J of the department's rules and regulations provides:

Any member or employee of the Department *may* be dismissed from the service or suffer such punishment as may be directed by the Commission of Public Safety when such member or employee has been charged with and found guilty of the commission of a felony or misdemeanor under any law or ordinance, or any act or omission contrary to good order or a violation of any of the provisions of the Rules and Regulations of the Department. [Emphasis added.]

It is undisputed that Officer Noder violated the rules and regulations of the department. However, rule 33J makes the penalty of discharge optional. Moreover, article XVIII(f), step 4, defines the arbitrator's scope of authority as limiting his decision to "interpretation, application or enforcement of the specific articles and sections of the agreement." In the absence of clear and unambiguous language to the contrary in the collective bargaining agreement, an arbitrator may determine that, while the employee is guilty of some infraction, the infraction does not amount to just cause for discharge and impose a less severe penalty. *Mon-*

*roe Co Sheriff v Fraternal Order of Police,* 136 Mich App 709; 357 NW2d 744 (1984).

Thus, acting pursuant to the agreement, the arbitrator in the instant case was free to determine that Officer Noder's dismissal was not justified. Moreover, as the Supreme Court stated in *United Paperworkers International Union, AFL-CIO v Misco, Inc,* 484 US —; 108 S Ct 364; 98 L Ed 2d 286, 299 (1987): "Where it is contemplated the arbitrator will determine remedies for contract violations that he finds, courts have no authority to disagree with his honest judgment in that respect."

We therefore find no error in the trial court's enforcement of the arbitrator's decision and order. Plaintiff's reliance on *Bd of Control of Ferris State College v Michigan AFSCME Council 25, Local 1609,* 138 Mich App 170; 361 NW2d 342 (1984), is misplaced. In *Ferris State College,* this Court held that an arbitrator exceeded his contractual authority by reinstating a grievant after expressly finding that just cause *existed* for dismissal. In the instant case, no just cause for dismissal was found.

Plaintiff next contends the trial court erred in enforcing the arbitrator's award claiming the award is contrary to public policy. We disagree.

In *United Paperworkers, supra,* 98 L Ed 2d 302, the Supreme Court, relying upon its earlier decision in *W R Grace & Co v Rubber Workers,* 461 US 757; 103 S Ct 2177; 76 L Ed 2d 298 (1983), held:

> In W. R. Grace, we recognized that "a court may not enforce a collective-bargaining agreement that is contrary to public policy," and stated that "the question of public policy is ultimately one for resolution by the courts." 461 US, at 766, 76 L Ed 2d 298, 103 S Ct 2177. We cautioned, however, that a court's refusal to enforce an arbitrator's *interpretation* of such contracts is limited to situations where the contract as interpreted would

violate "some explicit public policy" that is "well defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents and not from general considerations of supposed public interest.' " Ibid. (quoting *Muschany v United States*, 324 US 49, 66, 89 L Ed 744, 65 S Ct 441 (1945). [See *Lansing Community College v Lansing Community College Chapter of the Michigan Ass'n for Higher Education (On Rem)*, 171 Mich App 172; 429 NW2d 619 (1988).]

The Supreme Court explained that a court's refusal to enforce an arbitrator's decision because it violates public policy is a specific application of the more general doctrine, rooted in the common law, that a court may refuse to enforce contracts that violate law or public policy. *United Paperworkers, supra.*

Although we have recognized the public policy exception to the usual deference given to an arbitrator's award, *Saginaw v Teamsters Local 129*, 136 Mich App 542; 358 NW2d 356 (1984), there has been no case in which an arbitrator's award was vacated as violative of public policy. Nor do we believe plaintiff in the instant case has pointed to "some explicit public policy that is well defined and dominant" and which is ascertained "by reference to the laws and legal precedents and not from general considerations of supposed public interests." *United Paperworkers, supra*, 98 L Ed 2d 302.

Although we do not condone Officer Noder's actions, the arbitrator's award reinstating him was not itself unlawful, for there is no legal proscription against the reinstatement of a person such as the grievant. The award did not otherwise have the effect of mandating any illegal conduct or cause the employer to act unlawfully. *United Paperworkers, supra*, see also *W R Grace & Co, su-*

*pra.* We therefore find enforcement of the award does not contravene public policy.

Affirmed.