MUFLAHI v MUSAAD

Docket No. 160351. Submitted April 13, 1994, at Grand Rapids.
      Decided May 17, 1994, at 9:05 A.M.
      Hussein M. Muflahi and Maneer H. Muflahi brought an action in
      the Wayne Circuit Court against Ahmed and Sagiah Musaad,
      seeking the return of the $20,000 in dowry and $8,000 given as
      a thoub, a gift to a bride's mother, that had been given to the
      defendants on the occasion of the marriage of Maneer to the
      daughter of the defendants and alleging that the defendants
      had interfered with the marriage and caused their daughter to
      leave Maneer's household and divorce him. The court, Edward
      M. Thomas, J., granted summary disposition for the defendants
      with respect to plaintiff's claims sounding in common-law arbi-
      tration and unjust enrichment. The plaintiffs appealed.
      The Court of Appeals *held:*
      1. To the extent that the plaintiffs are seeking redress for
      alienation of affections, the claim is barred by statute, MCL
      600.2901; MSA 27A.2901.
      2. To the extent that the plaintiffs' claims rest on a contract
      between Hussein Muflahi and Ahmed Musaad to bring about
      the marriage of their children, the contract is illegal and not
      enforceable under a claim of either unjust enrichment or
      common-law arbitration.
      Affirmed.

*Arthur J. Cole,* for the plaintiffs.

UAW-Ford Legal Services Plan (by *Daniel L. Vogt*), for the defendants.

Before: MICHAEL J. KELLY, P.J., and HOOD and S. B. MILLER,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court order that granted summary dispo-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

sition to defendants pursuant to MCR 2.116(C)(8). We affirm.

The instant dispute concerns defendants' alleged interference with the marriage of plaintiff Maneer Muflahi and defendants' daughter, Sheba, which resulted in Sheba leaving Maneer's household. Plaintiff Hussein Muflahi is Maneer's father. Plaintiffs filed this suit seeking the return of $28,-000 that was gifted to defendants ($20,000 in dowry and $8,000 given as a thoub, a traditional gift given by the father of the groom to the bride's mother). Plaintiffs appeal only the dismissal of their claims for common-law arbitration and unjust enrichment. Plaintiff Maneer Muflahi's claim for alienation of affections is not at issue in this appeal.

To the extent that plaintiffs are seeking redress for the fact that Maneer and Sheba are now divorced, dismissal was appropriate. Not only is a claim for alienation of affections barred by statute in Michigan, MCL 600.2901; MSA 27A.2901, but we are aware of no circumstance or provision that would allow a father-in-law to bring this claim. See *Nicholson v Han,* 12 Mich App 35, 43; 162 NW2d 313 (1968).

Furthermore, to the extent plaintiffs' claims rest on a contract between Hussein Muflahi and Sheba's father to bring about the marriage of their children, that contract appears to be an illegal marriage brokerage contract. *Attorney General v Marital Endowment Corp,* 257 Mich 691, 694; 242 NW 297 (1932). See also 52 Am Jur 2d, Marriage, § 184, p 1025. One of the essential elements of a valid contract is that it be concerned with a proper subject matter. *Thomas v Leja,* 187 Mich App 418, 422; 468 NW2d 58 (1991). In the absence of a valid contract, neither the unjust enrichment claim nor the common-law arbitration claim can be pursued.

*Lincoln Park v Lincoln Park Police Officers Ass'n,* 176 Mich App 1, 7; 438 NW2d 875 (1989).

Specifically, with respect to the claim for return of the thoub, even if it were viewed as a conditional present, the condition was fulfilled when the couple returned to New York to establish their own home. See *In re Lowe Estate,* 146 Mich App 325; 379 NW2d 485 (1985).

Affirmed.