GOGEBIC MEDICAL CARE FACILITY v AFSCME LOCAL 992,
AFL-CIO

SMITH v DEPARTMENT OF PUBLIC HEALTH

Docket Nos. 168368, 168369. Submitted October 5, 1994, at Marquette.
Decided February 16, 1995; approved for publication April 19,
1995, at 9:00 A.M. Leave to appeal sought.

Gogebic Medical Care Facility brought an action in the Gogebic
Circuit Court against AFSCME Local 992, AFL-CIO, seeking
the vacation of an arbitrator's decision that cleared Janice
Smith, a certified nurse's aide, of charges of abusing a patient
at the facility and ordered her reinstatement at the facility. In
a separate proceeding in the same court, Smith petitioned for
judicial review of a determination by the Department of Public
Health that she had mentally abused a patient at the facility.
The court, Roy D. Gotham, J., consolidated the cases, vacated
the arbitrator's decision, and affirmed the determination of the
Department of Public Health. The union and Smith appealed,
and their appeals were consolidated.

The Court of Appeals *held:*

1. The department's finding of abuse based on interaction by
the defendant with the patient that subjected the patient to
scorn, ridicule, or humiliation is consistent with MCL 400.11(a);
MSA 16.411(a), which defines abuse by a licensed health care
provider as harm or threatened harm to an adult's health or
welfare, including, but not limited to, nonaccidental physical or
mental injury, sexual abuse, or maltreatment.

2. Judicial review of an arbitrator's decision generally is
limited; however, a court may refuse to enforce an arbitrator's
decision where, as in this case, it is contrary to public policy. 42
CFR 483.13(c)(1)(ii) bars a medical care facility from employing
an individual who, like Smith, has had a finding entered in the
state nurse's aide registry concerning abuse, neglect, mistreat-
ment of patients, or misappropriation of their property.

Affirmed.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper*
(by *John H. Gretzinger* and *Marshall W. Grate*),
for Gogebic Medical Care Facility.

*Green, Renner, Weisse, Rettig, Rademacher & Clark, P.C.* (by *Nino E. Green*), for AFSCME Local 992.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *R. Philip Brown,* Assistant Attorney General, for the Department of Public Health.

Before: GRIFFIN, P.J., and SAWYER and R. L. ZIOLKOWSKI,* JJ.

PER CURIAM. These consolidated appeals arise out of a decision of respondent Michigan Department of Public Health (MDPH) finding that petitioner Janice Smith, a certified nurse's aide, had mentally abused a patient at the Gogebic Medical Care Facility. In Docket No. 168368, defendant AFSCME Local 992, AFL-CIO, appeals as of right an order of the circuit court vacating the arbitration opinion and award in which Smith was cleared of abuse charges and ordered reinstated. In Docket No. 168369, petitioner Janice Smith appeals as of right an order of the circuit court affirming the MDPH's finding that she had engaged in the mental abuse of a patient. We affirm.

We first address petitioner Janice Smith's argument on appeal that the MDPH's finding that she engaged in the mental and emotional abuse of a patient was tainted by a substantial and material error of law. Smith asserts that the agency improperly relied on a definition of the term "abuse" that exceeded the statutory definition contained in MCL 400.11(a); MSA 16.411(a). This argument is without merit.

Section 11(a) of the Social Welfare Act sets forth

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

the statutory definition of abuse as it relates to a licensed health care provider:

> "Abuse" means harm or threatened harm to an adult's health or welfare caused by another person. Abuse includes, but is not limited to, nonaccidental physical or mental injury, sexual abuse, or maltreatment. [MCL 400.11(a); MSA 16.411(a).]

In determining that Smith had abused a resident, the MDPH relied on subsection b of the illustrations of mental and emotional abuse contained in the "working draft" of the "Bureau of Health Systems Policy & Procedure":

> *General Standard*
>
> There is no fixed rule on when an interaction between an individual and a patient or resident is serious enough to warrant a finding of mental or emotional abuse. Even minimal psychological harm may be enough; the answer always depends on the circumstances of the individual case. However, the following factual situations would provide a reasonable basis for concluding that a finding of mental or emotional abuse is warranted:
> a. The interaction coerces or intimidates the patient or resident into surrendering his or her money or personal belongings; or
> b. The interaction subjects the patient or resident to scorn, ridicule or humiliation; or
> c. The interaction produces a noticeable level of fear, anxiety, agitation, withdrawal or other emotional distress in the patient or resident which is not otherwise explainable.
> d. The interaction involves a threat of physical harm, punishment, or deprivation.

In arguing that the illustration relied on by the MDPH exceeded the statutory definition of abuse in § 11(a), Smith contends that "abuse" is limited to

harm or threatened harm to a patient's or resident's health or welfare. In essence, Smith claims that behavior that subjects a patient or resident to scorn, ridicule, or humiliation does not constitute "abuse."

It is well settled that agencies are allowed "to interpret the statutes they are bound to administer and enforce." *Clonlara, Inc v State Bd of Ed,* 442 Mich 230, 240; 501 NW2d 88 (1993). In our view, the illustration relied on by the MDPH is supported by the statute. We find unpersuasive Smith's narrow construction of the term "abuse" in light of its statutory definition. Contrary to Smith's argument on appeal, the statute includes "nonaccidental mental injury" and "maltreatment" as forms of abuse. Because scorn, ridicule, or humiliation are all forms of mental injury and maltreatment, we conclude that the MDPH's decision does not represent an error of law. Further, we conclude that the decision was supported by competent, material, and substantial evidence on the entire record.

In regard to the AFSCME's claim that the circuit court erred in vacating the arbitration award in Smith's favor, we note that judicial review of an arbitrator's decision is narrowly circumscribed. In *Lincoln Park v Lincoln Park Police Officers Ass'n,* 176 Mich App 1, 4; 438 NW2d 875 (1989), we set forth the limited scope of judicial review of an arbitrator's award:

> The necessary inquiry for this Court's determination is whether the award was beyond the contractual authority of the arbitrator. Labor arbitration is a product of contract and an arbitrator's authority to resolve a dispute arising out of the appropriate interpretation of a collective bargaining agreement is derived exclusively from the

contractual agreement of the parties. *Port Huron Area School Dist v Port Huron Ed Ass'n,* 426 Mich 143; 393 NW2d 811 (1986). It is well settled that judicial review of an arbitrator's decision is limited. A court may not review an arbitrator's factual findings or decision on the merits. *Port Huron, supra.* Rather, a court may only decide whether the arbitrator's award "draws its essence" from the contract. If the arbitrator in granting the award did not disregard the terms of his employment and the scope of his authority as expressly circumscribed in the contract, judicial review effectively ceases.

As an exception to the general rule of judicial deference, we have recognized that a court may refuse to enforce an arbitrator's decision when it is contrary to public policy. *Lincoln Park, supra* at 6-7, citing *United Paperworkers Int'l Union, AFL-CIO v Misco, Inc,* 484 US 29; 108 S Ct 364; 98 L Ed 2d 286 (1987); *Saginaw v Michigan Law Enforcement Union, Teamsters Local 129,* 136 Mich App 542; 358 NW2d 356 (1984). In *United Paperworkers Int'l, supra,* however, the United States Supreme Court cautioned that this exception "is limited to situations where the contract as interpreted would violate 'some explicit public policy' that is 'well defined and dominant, and is to be ascertained "by reference to the laws and legal precedent and not from general considerations of supposed public interest." ' " *Id.* at 43, quoting *W R Grace & Co v Rubber Workers,* 461 US 757, 766; 103 S Ct 2177; 76 L Ed 2d 298 (1983), quoting *Muscahy v United States,* 324 US 49, 66; 65 S Ct 442; 89 L Ed 2d 744 (1945).

In arguing for the application of this exception, plaintiff Gogebic Medical Care Facility relies on 42 CFR 483.13(c)(1)(ii), which prevents a medical care facility from employing individuals who have been:

(A) Found guilty of abusing, neglecting, or mistreating individuals by a court of law; or

(B) Have had a finding entered into the State nurse aide registry concerning abuse, neglect, mistreatment of residents or misappropriation of their property . . . .

Plaintiff argues that because the MDPH has concluded that Smith committed abuse of a resident and flagged her name in the State Nurse Aide Registry, the arbitration award would violate 42 CFR 483.13(c)(1)(ii). We agree with plaintiff's argument. The arbitration award, if enforced, would cause plaintiff to act unlawfully. We believe that this regulation reflects a "well defined" and "dominant" public policy in favor of protecting residents of long-term care facilities from abusive treatment by nurse's aides. In light of our decision upholding the MDPH's determination that Smith had committed abuse, we conclude that the arbitrator's award reinstating Smith was properly set aside.

Finally, we consider Smith's claim that she was deprived of her constitutional right to a meaningful review of the MDPH's decision because the lower court ruled on her appeal without benefit of a verbatim record of her hearing. However, petitioner failed to object or request that the administrative hearing be tape-recorded. Further, petitioner failed to timely raise this issue in her petition for review as required by MCR 7.105(I). Therefore, we conclude that petitioner has waived appellate review of this issue.

Affirmed.