Per Curiam.
 

 In this action based on a grievance filed protesting defendants’ termination of plaintiff Gordon Best’s employment, plaintiffs appeal as of right from an order of the circuit court vacating the arbitrator’s award reinstating Best. We reverse and remand.
 

 The underlying facts are not in dispute. Best was employed by the Manistee County Sheriff as a corrections officer and was assigned to work at the Manistee County Jail. Defendant Edward A. Haik, the Manistee County Sheriff, fired Best on June 4, 1998, for three alleged violations of department rules and regulations. The terms and conditions of Best’s employment were governed by a collective bargaining agreement (hereinafter the agreement) between defendants and plaintiff Police Officers Association of
 
 *342
 
 Michigan (poam),
 
 [1]
 
 of which Best is a member. On Best’s behalf, poam sought reinstatement of Best through the three-step grievance procedure set forth in the agreement. Not satisfied with the outcomes of the first two steps, on April 8, 1999, poam submitted the matter to arbitration, which is the third and final step of the grievance procedure.
 

 The arbitrator concluded that Best had violated department rules and regulations in the ways alleged. However, while concluding that Best’s conduct “constituted just cause for severe disciplinary action,” the arbitrator concluded that “persuasive mitigating factors” warranted a reduction in the penalty from termination to a long-term suspension. The arbitrator ordered that Best be reinstated without back pay or benefits and with his seniority intact.
 

 Best was not reinstated, and on January 3, 2000, plaintiffs filed their complaint to enforce the arbitration award. Defendants filed a countercomplaint, seeking to vacate the arbitration award, followed by a motion for summary disposition. The court rejected plaintiffs’ action and reversed the arbitrator’s award, reasoning as follows:
 

 This Court is of the opinion that the arbitrator in this case clearly exceeded his authority and supplied his own brand of “industrial justice” in the arbitration award below. The arbitrator found that grievant Best had violated the policy provisions alleged by the sheriff to the extent that the security of the jail was jeopardized, including the safety of inmates and sheriffs employees as well as the public. Further, the arbitrator found that such violations constituted “just cause” for severe disciplinary actions. Consequently,
 
 *343
 
 the sheriff had “just cause” to discharge grievant Best. By reducing the disciplinary action, the arbitrator exceeded his authority in contravention of section 5.4(B) of the collective bargaining agreement and substituted his own view for the discretion reserved to the sheriff under section 9.1(G) of the collective bargaining agreement.
 

 “[W]hen considering the enforcement of an arbitration award, [this Court’s] review is narrowly circumscribed.”
 
 Lenawee Co Sheriff v Police Officers Labor Council,
 
 239 Mich App 111, 117; 607 NW2d 742 (1999).
 

 The necessary inquiry for this Court’s determination is whether the award was beyond the contractual authority of the arbitrator. Labor arbitration is a product of contract and an arbitrator’s authority to resolve a dispute arising out of the appropriate interpretation of a collective bargaining agreement is derived exclusively from the contractual agreement of the parties. It is well settled that judicial review of an arbitrator’s decision is limited. A court may not review an arbitrator’s factual findings or decision on the merits. Rather, a court may only decide whether the arbitrator’s award “draws its essence” from the contract. If the arbitrator in granting the award did not disregard the terms of his employment and the scope of his authority as expressly circumscribed in the contract, judicial review effectively ceases.
 
 [Lincoln Park v Lincoln Park Police Officers Ass’n,
 
 176 Mich App 1, 4; 438 NW2d 875 (1989) (citation omitted).]
 

 “[W]hile the powers of an arbitrator are not unlimited, his awards should be upheld so long as he does not disregard or modify plain and unambiguous provisions of a collective bargaining agreement.”
 
 General Telephone Co of Ohio v Communications Workers of America, AFL-CIO,
 
 648 F2d 452, 457 (CA 6, 1981).
 

 
 *344
 
 In
 
 Monroe Co Sheriff v Fraternal Order of Police, Lodge 113,
 
 136 Mich App 709, 718-719; 357 NW2d 744 (1984), this Court stated:
 

 Federal courts have taken the view that an arbitrator to whom a claim of discharge without just cause is submitted may, in the absence of language in the collective-bargaining agreement clearly and unambiguously to the contrary, determine that, while the employee is guilty of some infraction, the infraction did not amount to just cause for discharge and impose some less severe penalty. An arbitrator’s imposition of a less severe penalty is without authority and contrary to the terms of the collective-bargaining agreement where the agreement clearly reserves to the employer, without being subject to review by an arbitrator, the power to discharge for the infraction found by the arbitrator to have been committed. We adopt this approach as our own. [Citations omitted.]
 

 There is no language in the agreement at hand that “clearly and unambiguously” states that the arbitrator cannot determine that while Best was guilty of some infractions, the infractions did not constitute just cause for discharge. Accordingly, defendants’ reliance on
 
 Lenawee
 
 is misplaced. In
 
 Lenawee,
 
 the Court’s conclusion that the arbitrator in that case had acted beyond his granted authority was based in part on “an express provision of the collecting bargaining agreement that mandates discharge” under the circumstances of that case.
 
 Lenawee, supra
 
 at 120. In the case at hand, there is no specific provision in the agreement mandating that an employee be discharged if the arbitrator finds that the employee committed the alleged violations of the agreement. Further, while § 9.1(F) of the agreement reserves to the sheriff “the right to make reasonable rules and regulations,” there is nothing in the language of the rules cited by the
 
 *345
 
 arbitrator as having been violated that mandates discharge under these circumstances.
 

 Section 9.1(G) of the agreement reads in pertinent part:
 
 [2]
 

 [Poam] recognizes the Employer as the proper party to perform the usual and historical functions of management and that it must have the maximum freedom to manage consistent with the terms and provisions of this Agreement and . . . that some of these usual and historical functions are:
 

 * *
 
 *
 

 G. To direct generally the work of the employees, subject to the terms and conditions of this Agreement, including the right to hire, to discharge, to demote, to suspend or otherwise discipline employees for just cause ....
 

 This language acknowledges that discipline can take many forms, including discharge, demotion, and suspension. In context, the just cause requirement set forth relates to all the potential forms of discipline. Thus, there is not just one “just cause” analysis that the arbitrator is empowered to make. Rather, an arbitrator is given the authority to determine if the violations amount to “just cause for discharge,” or “just cause for demotion,” or “just cause for suspension,” or “just cause for any other form of discipline.” In other words, the agreement gives the arbitrator the authority to determine if there exists a “just cause for
 
 *346
 
 discipline” and, if so, the level of discipline appropriate.
 

 Further, because “just cause for discipline” is not defined, the arbitrator is not bound to consider only the violations themselves. See
 
 Bloomington v Local 2828 of the American Federation of State, Co & Municipal Employees,
 
 290 NW2d 598, 602 (Minn, 1980) (“By failing to specifically define what acts constitute just cause for discharge, . . . the parties left the decision to the arbitrator.”). Logically flowing from the authority to give meaning to the phrase “just cause for discipline” is the authority to consider, when fashioning a remedy, all circumstances that may be probative of a party’s intent and the likelihood that the wrongful behavior would be repeated. We hold this includes the ability to consider any mitigating factors.
 

 Thus, the arbitrator was free under the agreement to conclude that while Best’s misconduct served as just cause for discipline, it did not amount to just cause for discharge. The arbitrator was also empowered to fashion an appropriate level of discipline for the violations found.
 
 Id.
 
 at 603 (observing that “the power to fashion a remedy is a necessary part of the arbitrator’s jurisdiction unless withdrawn from him by specific contractual language between the parties or by a written submission of issues which precludes the fashioning of a remedy”).
 

 The trial court equated a finding of “just cause for discipline” with a finding of “just cause for discharge.” The interpretation of the agreement was not within the proper scope of the court’s review. See
 
 United Steel Workers of America v Enterprise Wheel & Car Corp,
 
 363 US 593, 599; 80 S Ct 1358; 4 L Ed 2d
 
 *347
 
 1424 (1960) (observing that “[i]t is the arbitrator’s construction which was bargained for; and so far as the arbitrator’s decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his”).
 

 We also reject defendants’ public policy argument. Michigan has recognized a limited public policy exception to the general rule of judicial deference to arbitrator’s awards.
 
 Gogebic Medical Care Facility v AFSCME Local 992, AFL-CIO,
 
 209 Mich App 693, 697; 531 NW2d 728 (1995). This exception “is limited to situations where the contract as inteipreted would violate ‘some explicit public policy’ that is ‘well defined and dominant, and is to be ascertained “by reference to the laws and legal precedent and not from general considerations of supposed public interest.” ’ ”
 
 United Paperworkers Int’l Union, AFL-CIO v Misco, Inc,
 
 484 US 29, 43; 108 S Ct 364; 98 L Ed 2d 286 (1987), quoting
 
 WR Grace & Co v Rubber Workers,
 
 461 US 757, 766; 103 S Ct 2177; 76 L Ed 2d 298 (1983), quoting
 
 Muschany v United States,
 
 324 US 49, 66; 65 S Ct 442; 89 L Ed 744 (1945).
 

 We conclude that the arbitrator’s decision in the case before us does not violate an explicit public policy. Defendants could have reserved the sheriff’s statutory authority under MCL 51.70, but they did not clearly do so in the agreement.
 
 Monroe, supra
 
 at 718. Further, while maintaining safety at a county jail is clearly an important public policy, we conclude that Best’s behavior was not so egregious that reinstatement to his job would undermine this public policy. See
 
 Lincoln Park, supra
 
 at 7-8.
 

 
 *348
 
 Reversed and remanded for entry of an order enforcing the arbitrator’s award. We do not retain jurisdiction.
 

 [1]
 

 Poam is a labor union organized under the provisions of the public employees relations act, MCL 423.201
 
 et seq.
 

 [2]
 

 Section 5.4(B) of the agreement, cited by the court as support for its decision, reads: “The arbitrator shall have no authority to add to, subtract from, modify, change, alter or amend the terms and conditions of the agreement or substitute his discretion for the Employer’s discretion when such discretion is reserved in the collective bargaining agreement.”