*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LUIS E. TREVINO GARZA,

       Plaintiff-Appellant,

v

SANDRA GUTIERREZ, Personal Representative of
the ESTATE OF MOISES GUTIERREZ,

       Defendant-Appellee.

UNPUBLISHED
April 11, 2024

No. 365633
Wayne Circuit Court
LC No. 21-011197-CH

Before: GADOLA, C.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals as of right the circuit court's order confirming an arbitration award providing plaintiff with seven days to cure his $150,000 default on a parcel of real property he was buying from defendant, or to surrender the property to defendant.[1] We affirm.

Plaintiff leased a piece of commercial property from defendant. This lease had an option to buy the property. Plaintiff attempted to exercise the option to buy the property. But before the transaction could occur, defendant filed a complaint for breach of land contract in district court. The parties stipulated to resolve the matter in binding arbitration. In the second hearing before the arbitrator, the parties entered into an agreement for plaintiff to purchase the property for $200,000 in installments according to a payment schedule. Plaintiff made the first two payments before defaulting. The agreement contained an arbitration clause requiring any disputes to be resolved by the arbitrator. The arbitration award gave plaintiff seven days to pay the balance of $150,000 of the agreed price for the property. The award further provided that if plaintiff failed to pay the balance, plaintiff would relinquish any potential possessory interest in the property and it would revert back to defendant. Plaintiff argues that the arbitrator's award violated his due-process rights, and also violated contract law because the award unjustly enriched defendant.

---

[1] Moises Gutierrez died while this case was pending, and the parties agreed that his estate would replace him as defendant.

"Generally, issues regarding an order to enforce, vacate, or modify an arbitration award are reviewed de novo." *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 554; 682 NW2d 542 (2004). However, when considering the enforcement of an arbitration award this Court's review is narrowly circumscribed to a determination of whether the award was beyond the contractual authority of the arbitrator. *Police Officers Ass'n of Mich v Manistee Co*, 250 Mich App 339, 343; 645 NW2d 713 (2002). As an initial matter, we note that plaintiff did not oppose entry of the order confirming the arbitration award, but instead raised these issues when later asking for a stay of proceedings. This Court reviews unpreserved issues reviewed for plain error. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). To constitute plain error, the error must have occurred, it must have been obvious, and it must have affected substantial rights. *Id*.

## I. DUE PROCESS

Plaintiff argues that the arbitrator's award should be vacated because the arbitrator denied plaintiff's due-process rights by giving him only seven days to pay the remaining balance of the purchase price, $150,000, before awarding the property to defendant. Plaintiff points out that the arbitrator implicitly recognized plaintiff's interest in the property by ordering that plaintiff could yet acquire the property, but asserts that he was not given adequate time to perfect that interest.

Plaintiff cites authority regarding substantive due process in support of his claim. Both the Michigan Constitution and the United States Constitution prevent the state from depriving a person of liberty or property without due process of law. US Const, Am XIV; Const 1963, art 1, § 17. Substantive due process operates to preclude "certain government actions regardless of the fairness of the procedures used to implement them." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 197; 761 NW2d 293 (2008) (quotation marks and citation omitted). A substantive due-process claim requires the claimant to demonstrate that the government action was so arbitrary as to "shock the conscience." *Id*. at 200. The essence of a substantive due process claim is the arbitrary deprivation of liberty or property interests. *Id*. at 201.

Here, the decision of the arbitrator was not a governmental action. Substantive due-process protections apply to "arbitrary laws and the arbitrary exercise of government authority," and a claimant must prove that "the *governmental* actor took action that was so arbitrary as to shock the conscience." *Pinebrook Warren, LLC v City of Warren*, 343 Mich App 127, 164; 996 NW2d 754 (2022) (emphasis added). In this case, the parties stipulated to the services of Judicial Alternative Dispute Resolution, a private company. There is no basis for regarding the arbitrator's decision as governmental action. Plaintiff does not reference the trial court in his argument, and offers no support for the proposition that due-process protections apply to a privately mediated dispute.

Nor has plaintiff exposed any unfairness apart from the due-process doctrine. "An arbitration agreement is a contract by which the parties forgo their rights to proceed in civil court in lieu of submitting their dispute to a panel of arbitrators." *Galea v FCA US LLC*, 323 Mich App 360, 369; 917 NW2d 694 (2018) (quotation marks and citation omitted). The parties' settlement agreement provided that any disputes regarding the agreement would "be decided by the mediator; acting as arbitrator; Judge Ryan's decision by agreement will be binding on the parties; and such ruling may be entered in any court of competent jurisdiction." Plaintiff does not challenge the validity of the agreement to arbitrate. Therefore, plaintiff consented to having the arbitrator resolve the dispute after plaintiff had defaulted on his payments.

Plaintiff further contends that the portion of the arbitrator's award that allowed him only seven days to pay the outstanding balance for the property was unfair. Defendant retorts that the award provided plaintiff with an additional seven days to pay after plaintiff had defaulted much earlier. According to plaintiff's complaint, he leased the property on June 16, 2016, and defendant sued him in April 2019 for breach of contract, before the trial judge referred them to mediation pursuant to the parties' agreement. The parties' agreement established that plaintiff would buy the property with four payments, from January to December 2020, totaling $200,000, and plaintiff made two payments totaling $30,000 before he stopped making further payments. In July 2020, the parties modified the purchase agreement to five payments, from July 2020 to May 2021, totaling $170,000, and plaintiff made the initial $20,000 payment before again ceasing payments. Thus, the arbitration award simply allowed plaintiff to pay the balance owed under the agreements after plaintiff's failure to make payments had resulted in three formal interventions to compel payments beginning in early 2019. Despite the seemingly short time constraint, it was not unfair that the award allowed plaintiff yet another opportunity to cure his defaults before he would be obliged finally to surrender his interest in the property. For these reasons, plaintiff has not demonstrated that the arbitration award violated his due-process rights or was otherwise unfair.

## II. CONTRACT LAW

Next, plaintiff argues that the arbitrator committed legal error by awarding defendant the property while not ordering defendant to refund the money that plaintiff had paid toward its purchase. Plaintiff asserts that the arbitrator effectively rescinded the contract for purchase of the property while failing to restore the parties to the positions they held before the contract.

To rescind a contract is to "annul the contract and restore the parties to the relative positions which they would have occupied if no such contract had ever been made." *Lash v Allstate Ins Co*, 210 Mich App 98, 102; 532 NW2d 869 (1995) (quotation marks and citation omitted). Plaintiff argues that it was not only legal error for the arbitrator to order rescission without returning the initial payments to plaintiff, but that the arbitrator thus deviated from the intention of the parties. Plaintiff adds that this constitutes unjust enrichment. We disagree.

The authority of the arbitrator is derived from the contractual agreement of the parties such that "[a] reviewing court is without authority to fashion its own remedy." *Serv Employees Int'l Union Local 466M v Saginaw*, 263 Mich App 656, 660-661; 689 NW2d 521 (2004) (citation omitted). The nature of arbitration "restricts meaningful legal review in the traditional sense," and courts are generally reluctant to modify or vacate an award. *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 555; 682 NW2d 542 (2004). "Judicial review of an arbitrator's decision is narrowly circumscribed," such that a reviewing court "may not review an arbitrator's factual findings or decision on the merits" or "engage in contract interpretation." *Ann Arbor v American Federation of State, Co, & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). "Nor may a court substitute its judgment for that of the arbitrator." *Id*. This Court reviews for "only the kind of legal error that is evident without scrutiny" of the arbitrator's thought processes to determine the award. *Saveski*, 261 Mich App at 555. Moreover, even where an arbitration award contains an evident error of law, in order for a court to vacate the award the error must be "so egregious," that it indicates "a disregard of principles fundamental to a fair resolution of the dispute" such that the legal conclusion "cannot be said to be within the parties'

agreement to arbitrate or the arbitrator's authority." *Hope-Jackson v Washington*, 311 Mich App 602, 614; 877 NW2d 736 (2015) (citation omitted).

Here, there is no indication in the arbitration award that the arbitrator rescinded the contract. The arbitrator's task was to resolve the dispute regarding plaintiff's failure to pay in accordance with the settlement agreement. The arbitrator stated that his sole question was whether the settlement agreements were breached, and his finding that plaintiff breached the agreements by failing to pay is not contested. The arbitrator was not tasked with characterizing the nature of the agreement or providing a remedy for breach of contract. The arbitrator's award calls for enforcement of a lease-to-buy agreement. It cannot be said that defendant unfairly benefited by recovering the property and retaining the payments made towards the purchase price when plaintiff received the benefit of possessing the property throughout the lease term and while making payments towards the purchase. In any event, plaintiff agreed that "[a]ny disputes regarding the interpretation of [the settlement] agreement will be decided" by the arbitrator, whose decision "will be binding on the parties" and may confirmed by a court.

In this case, no legal error in the arbitrator's award is apparent. There is no indication of a substantive due-process violation or inapplicable contract remedy. Allowing plaintiff a short time to complete the purchase or surrender the property along with the 25% of the purchase price already paid, was not a demonstrably egregious error particularly given that the parties effectively agreed on this remedy for default in their settlement agreement.

The goal of contract interpretation "is to determine and enforce the parties' intent on the basis of the plain language of the contract." *AFSCME v Detroit*, 267 Mich App 255, 261-262; 704 NW2d 712 (2005). According to the settlement agreement, the intent of the parties was that, "upon payment of the settlement amount, . . . this matter shall be dismissed," and "[u]pon payment in full," plaintiff would "receive warranty deed." Most important, the intent of the parties in the event of a default is written into the settlement agreement: "Notice of default with 7 days to cure in event of a default. Failure to cure, property . . . reverts" to defendant and plaintiff "will vacate within seven days." There was no language about a refund of payments to date in the provision for default procedures. We therefore conclude that the arbitrator's award was precisely consistent with the express intent of the parties and was within the contractual authority of the arbitrator. See *Hope-Jackson*, 311 Mich App at 614; *Police Officers Ass'n of Mich*, 250 Mich App at 343.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

-4-